## SUPREME COURT.

DANIEL FITZGERALD, appellant agt. ANSON BLAKE, respondent.

Where a plaintiff files a *notice of lis pendens*, in an attachment suit affecting real estate, it is improper to include therein any real property which the sheriff has *not levied upon* under the attachment. And where such a notice includes other premises than those levied upon, it will be held inoperative as to such additional premises.

*New York General Term, May,* 1864.
*Before* LEONARD, P, J., CLERKE *and* WELLES, *Justices.*

By the court, LEONARD, J.    The plaintiff filed a notice of the pendency of this action, and this court at special term, on motion, directed it to be taken from the files. From this order the plaintiff appeals.

The action is for the recovery of money, and an attachment was issued therein against the defendant, as a non-resident debtor.    The notice describes the premises which the plaintiff seeks to have subjected to his attachment, and includes a large amount of real estate not seized by the sheriff under the warrant of attachment.    It was admitted on the argument that the sheriff had returned upon the said warrant the real estate which he had levied upon by a specific description.    The right to file such a notice is expressly given by section 132 of the Code, whenever a warrant of attachment has been issued intended to affect real estate, but the notice must describe the property affected thereby,

and state the names of the parties and the object of the action. It is the duty of the sheriff to attach so much of the property of the defendant as will be sufficient to satisfy the plaintiff's demand, with costs and expenses ; the amount of the demand must be stated in the warrant in conformity with the complaint. In this case the sheriff has levied on so much as he considered sufficient. The extent of the seizure was within the exercise of a sound discretion by the sheriff. If his levy was excessive, the defendant might complain, and if insufficient, the plaintiff. He is responsible to both parties for the exercise of a sound and reasonable discretion in performing his duty. The plaintiff has no authority to dictate the extent of the levy, any more than the defendant has to limit him. The plaintiff can point out property to the sheriff, and require a levy upon so much as will be sufficient, but the sheriff must decide for himself upon the responsibility which attaches to his office, as to the extent and sufficiency of the seizure.

In the present instance the plaintiff attempts to affect real estate belonging to the defendant, by filing a notice of the pendency of the action, and including therein premises not seized by the sheriff under the attachment. In my opinion, the notice affects only those lands which the sheriff has attached, and is inoperative as to all other lands included therein. The notice may be oppressive in its operation upon the defendant, and obstruct him in the enjoyment of his property, upon which no levy has been made under the attachment. Such a contingency ought to be prevented. The plaintiff's attorneys were wrong, perhaps unintentionally, in including property in the notice which had not been levied on by the sheriff.

The order appealed from should be modified so as to amend the notice by striking therefrom so much of the premises therein described as have not been levied on under the warrant of attachment, according to the sheriff's return on the said warrant, without costs.