## N. Y. SUPERIOR COURT.

JOHN J. BOWES *et al.* agt. THE NEW YORK CHRISTIAN HOME, &c., *et al.*

*Mechanics' lien law — Notice of lis pendens filed on the ninety-first day after notice of lien when the ninetieth day falls on Sunday, is of no effect — Lien cannot be revived where it ceases by lapse of time.*

Under the mechanics' lien law of 1875, which is applicable to the city of New York, a notice of *lis pendens*, filed on the ninety-first day after notice of lien, though the ninetieth day fell on a Sunday, is of no effect, and the person filing the *lis pendens* has no standing in court as a lienor.

All conditions of the statute must be strictly complied with, or the lien will be lost.

Where a lien ceases by lapse of time, it cannot be revived. It becomes wholly void.

*Special Term, March,* 1883.

FREEDMAN, J. — The sub-contractor, James V. Donovan, who claims affirmative relief as a defendant under a lien filed by him, filed his notice of lien July 24, 1882, and a notice of *lis pendens* on October 23, 1882, and the question submitted for decision is whether the notice of *lis pendens* was filed in time.

The court of appeals having decided that the act of 1880 does not apply to the city of New York (*McKenna* agt. *Edmondstone,* 64 *How.,* 461), the question submitted must be determined under the act of 1875 (*chap.* 379), which provides that no lien shall bind the property longer than ninety days after it is filed, unless within that time an action be commenced and a notice of *lis pendens* filed and an entry of the notice made on the lien docket.

In the case at bar the notice of *lis pendens* was filed on the ninety-first day after the filing of the notice of lien.

It is contended, however, that as the 22d day of October, 1882, fell on a Sunday, the filing of the notice on the following day (Monday) was in time.

If this question were to be determined according to the rules regulating the computation of time for the service of pleadings, the contention would be well founded (*Borst* agt. *Griffin*, 5 *Wend.*, 84; *Graham's Pr.* [2d ed.], 220; *Code of Civ. Pro., sec.* 520).

The same result would follow if the question were to be determined according to the rule regulating the computation of time for the publication of legal notices presented by section 788 of the Code.

But the question is one of construction of a particular statute. The statute is a special act applicable only to a part of the State. It gives a new remedy, and therefore a party invoking the benefit of it must bring himself strictly within its provisions. It does not say that a lienor shall have ninety days for the filing of his notice of *lis pendens*. The language is that no lien shall bind the property unless certain things are done within ninety days. Under these circumstances the notice of *lis pendens* should have been filed on Saturday, October 21, 1882 (*The People ex rel. Pugsley* agt. *Luther*, 1 *Wend.*, 42, *and cases there cited*).

Section 8 of the statute under consideration is obligatory on all lienors. It makes no distinction as to the ninety days required. All the conditions of the statute must be strictly complied with, or the lien will be lost (*O'Donnell* agt. *Rosenberg*, 14 *Abb. N. Y.*, 59; *Benton* agt. *Wickwise*, 54 *N. Y.*, 226).

Where a lien ceases by lapse of time, it cannot be revived. It becomes wholly void (*Weyer* agt. *Beach*, 79 *N. Y.*, 409; *Poersopke* agt. *Kedenburg*, 6 *Abb.* [*N. S.*], 172; *Noyes* agt. *Burton*, 17 *How. Pr.*, 449).

For the reasons stated, the defendant Donovan has no standing in court as a lienor, and having no standing as such, he has no standing at all in this action. His claim for affirmative relief must be dismissed.