### In re GABLER.

(Supreme Court, Special Term, New York County. November 30, 1907.)

MECHANICS' LIENS—EXTENSION—FORECLOSURE—NOTICE OF PENDENCY OF ACTION—STATUTORY PROVISIONS.

Under Laws 1897, p. 522, c. 418, § 16, providing that a mechanic's lien shall not be a lien for more than a year, unless within that time an action is commenced to foreclose it, and a notice of the pendency of such action is filed with the county clerk of the county in which the notice of the lien is filed, the commencement of a foreclosure suit within one year is insufficient to extend the lien, where the notice of the pendency of the action is not filed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 306.]

Application of John C. Gabler for the payment of money deposited with the chamberlain of the city of New York to discharge and cancel a mechanic's lien. Application granted.

William E. Gowdey, for petitioner and motion.

GIEGERICH, J. This is an application made for an order directing the chamberlain of the city of New York to pay to the petitioner a sum deposited by him to procure the discharge of a mechanic's lien upon real property covered thereby. Since the filing of the lien the lienors became bankrupt, and notice of the motion was given to the trustee in bankruptcy, who failed to appear and oppose the motion. The year limited by the statute has expired, and no order has been obtained extending the lien, nor has any action been commenced, except under the circumstances following: On December 12, 1905, the petitioner made an application to this court for the same relief as is now sought, and early in the morning before that motion came on in court a summons and notice of an action were served by the attorneys of the trustee, and when the application, later in the day, came on for hearing it was denied, on the ground that an action had been commenced to foreclose the lien. Thereafter the petitioner appeared and demanded service of a copy of the complaint, but the attorneys for the trustee refused to serve a copy of the complaint or to proceed with the action, and on the 30th day of January, 1906, an order was made dismissing the action. Since that time nothing has been done in the matter. Upon the present motion it is stated that no notice of pendency of any action to foreclose the lien in question has ever been filed in the county clerk's office. The commencement of an action to foreclose the lien is not alone enough under the requirements of the statute (section 16, c. 418, p. 522, of the Laws of 1897) to continue the lien in effect, but there must be also a notice of the pendency of such action. Even if the notice of the pendency of the action had been properly filed, nevertheless, under the peculiar circumstances of this case, indicating hasty action on the part of the attorneys for the trustee in order to avoid a discharge of the lien, and a subsequent abandonment of all intention to prosecute the action, followed by a dismissal thereof, there might be a question whether an action had been commenced within the year within the meaning of the statute; but this question need not be determined because of the plain failure to comply with the requirement that notice of pendency of the action must be filed as well as that the action should be commenced.

Motion granted, upon the authority of Matter of Thirty-Fifth Street and Fifth Avenue Realty Company, 106 N. Y. Supp. 390.