charged was not proved, and the crime as proved was not charged. (*People* v. *Dumar, supra.*)

The judgment of conviction should be reversed and a new trial ordered.

JENKS, P. J., RICH, BLACKMAR and KELLY, JJ., concur.

Judgment of conviction of the Court of Special Sessions reversed and new trial ordered.

---

JOHN B. REIMER, Respondent, *v.* JOSEPH NAUGHTON and HELEN W. GIBLIN, Appellants, Impleaded with EARL A. GILLESPIE, Respondent, and FRANCIS C. BROWN and Others, Defendants.

Second Department, May 7, 1920.

Liens — mechanic's lien — foreclosure — finding as to ownership conclusive — enforcibility of lien — service of summons on colienor before expiration of lien and on owner after expiration — failure to file lis pendens till after expiration of lien — personal judgment against those liable for debt.

In an action to foreclose a mechanic's lien the Appellate Division will consider the answer of one of the codefendants attacking the validity of the lien where the plaintiff alleged and the court below found that said codefendant was the owner of the property

The service of the summons on a colienor who was not a joint contractor or otherwise united in interest with the owner, before the expiration of the life of the lien and a service of the summons on the owner after the expiration of the lien was not a compliance with the requirement of section 17 of the Lien Law that the action shall be commenced during the life of the lien, and the plaintiff having failed to file a notice of the pendency of the action as required by said section till after the expiration of the lien, the lien was not enforcible against the owner.

But as the failure to file a notice of the pendency of the action as required by section 17 of the Lien Law does not abate the action as to any person liable for the payment of the debt specified in the notice of lien, a personal judgment may be rendered against those liable for the plaintiff's claim.

APPEAL by the defendants, Joseph Naughton and another, from a judgment of the County Court of the county of Queens in favor of the plaintiff and the defendant Earl A. Gillespie, entered in the office of the clerk of said county on the 21st day of December, 1918, upon the decision of the court after a trial without a jury.

*Harold M. Phillips,* for the appellant Joseph Naughton.

*Moses Jaffe* [*Meyer Levy* with him on the brief], for the appellant Helen W. Giblin.

*Henry C. Frey,* for the respondent John B. Reimer.

*Robert McC. Robinson,* for the respondent Earl A. Gillespie.

KELLY, J.:

The record presented to the court upon this appeal is very unsatisfactory, but we must dispose of the case upon that record. It contains the complaint and the answers of the defendant Giblin and the defendant, respondent, Gillespie, another lienor. There is no answer of the defendant, appellant, Naughton. It is alleged in the complaint, and found by the trial judge, that the defendant Giblin is the record owner of the property, although in her answer she denies the allegation of the complaint that she was the owner. We are bound on this appeal by the finding so made. She was a woman to whom the defendant Naughton had transferred the title without the knowledge of the materialmen, lienors. Naughton represented himself to be the owner, made the contracts, supervised the work and, upon the trial, asserted that it was his money which constructed the buildings. The whereabouts of the defendant Giblin were unknown; plaintiff was obliged to serve the summons upon her by substituted service. Upon the trial the county judge directed that she be produced in court for examination; the order was not complied with or excuse given for her non-attendance, but no action was taken in reference thereto. She was, at most, an undisclosed principal as the court has in effect found, but the case comes to this court upon the plaintiff's allegation that she is an owner of the property and the court has so found. We are, therefore, bound to consider her answer attacking the validity of plaintiff's lien.

There were no exceptions filed by either of the defendants, appellants, to the conclusions of law made by the trial judge, and no requests to find were presented by either defendant. We, therefore, look to the record to see whether there is any evidence to sustain the findings made by the trial judge, and

we find abundant evidence to sustain such findings as to the contract for construction made by Naughton with the contractor Boniello, the purchase by the latter of materials from the respondents of the value found, delivery, use in the building, non-payment and that there was more money due from the owner to the contractor than was required to pay the materialmen.

We are unable, however, to sustain the conclusion of the learned county judge as to the validity of the plaintiff's lien. The defendant Giblin tenders that issue in her answer. The evidence shows that the plaintiff's lien was originally filed and docketed September 30, 1912. It, therefore, continued in force until September 30, 1913. But on August 30, 1913, one month prior to the expiration of plaintiff's lien, he procured an order from the County Court continuing the lien for one year from the granting of the order. (Lien Law, § 17.)* This year would expire August 30, 1914. The plaintiff commenced this action to foreclose his lien on August 27, 1914, by service of the summons and complaint upon defendant Gillespie, a colienor. There is no proof in the record as to when the summons was served on defendants Naughton or Giblin, although plaintiff's counsel admitted at the trial that Giblin was not served until " long after we were in Court." Service on defendant Gillespie, a colienor, was not sufficient compliance with the requirement of the statute (Lien Law, § 17) that the action should be commenced during the life of the lien, because Gillespie was not a joint contractor or otherwise united in interest with the owner. (Code Civ. Proc. § 398; *Martens* v. *O'Neill*, 131 App. Div. 123; *Moore* v. *McLaughlin*, 11 id. 477.) And the plaintiff failed to file a notice of pendency of the action as required by the Lien Law, section 17, until September 28, 1914, which was some time after the expiration of the continued life of the lien under the order. (*Matter of Gabler*, 57 Misc. Rep. 148, N. Y. Co. Special Term, GIEGERICH, J.) These matters were presented to the trial court by the answer of defendant Giblin and by motions made on her behalf at the trial for dismissal of the complaint, upon the ground that the action was not

---

* Since amd. by Laws of 1916, chap. 507.— [REP.

commenced in time. We are constrained to hold that the learned county judge erred in denying the motions and in finding that plaintiff's lien was valid and enforcible. But it is provided in the Lien Law (§ 17) that " The failure to file a notice of pendency of action shall not abate the action as to any person liable for the payment of the debt specified in the notice of lien, and the action may be prosecuted to judgment against such person." We are, therefore, able to direct a personal judgment against the contractor Boniello and the defendant Naughton for the amount found due on plaintiff's lien, $310.65, with interest from the 30th day of September, 1912, amounting in all to $426.69, in addition to the personal judgment against said Boniello and Naughton for $137, already decreed by the county judge, because of plaintiff's mistake in the amount demanded in the lien as filed, making an aggregate judgment in favor of the plaintiff for $563.69. The findings and conclusions of law should be amended to conform to this direction. We find no error in the judgment of the County Court so far as it determines the right of the defendant, respondent, Gillespie to enforce his lien against the premises.

Judgment of the County Court of Queens county modified by reversing the findings of fact and conclusions of law therein contained so far as they establish the validity of the mechanic's lien filed by the plaintiff, and by directing in place thereof that the plaintiff recover a personal judgment against the defendants Joseph Naughton and Antonio Boniello for the amount found due under said lien, to wit, $310.65, with interest from the 30th day of September, 1912, amounting in all to $426.69, in addition to the personal judgment against said Naughton and Boniello directed by the judgment appealed from, making in all a personal judgment in favor of the plaintiff against said defendants for the sum of $563.69 — and as so modified the judgment is affirmed, with costs to defendant, respondent, Gillespie. This court makes the following additional finding of fact: " That the contractor Boniello, the plaintiff and the defendant Gillespie did not know of the alleged ownership of the interest in the premises by defendant Giblin until after the filing of their respective notices of lien." The findings of fact, conclusions of law

and the judgment should also be amended so as to conform to the opinion filed and to provide for personal judgment in favor of the plaintiff and the foreclosure of the lien of defendant Gillespie.

Present — JENKS, P. J., MILLS, RICH, BLACKMAR and KELLY, JJ.

Judgment of the County Court of Queens county modified in accordance with opinion, and as so modified unanimously affirmed, with costs to defendant, respondent, Gillespie. Settle order on notice before Mr. Justice KELLY.