SIDNEY K. JOHNSON, Plaintiff, *v.* WALDO GRIFFITHS, INC., Defendant.

Supreme Court, Oneida County, February 22, 1932.

*Ward N. Truesdell,* for the plaintiff.

*Dunmore, Ferris & Burgess* [*Gilbert R. Hughes* of counsel], for the defendant.

DOWLING, J. This litigation involves the foreclosure of a mechanic's lien relating to a public improvement. Plaintiff filed

notice of lien in the office of the Comptroller of the State of New York, June 4, 1928, and commenced action to foreclose the same July 16, 1928, by personal service of the summons upon the defendant. Defendant answered July 31, 1928. No order extending the life of the lien was ever procured. Notice of pendency of this action has never been filed in Oneida county clerk's office or with the Comptroller of the State of New York, as required by section 18 of the Lien Law, which is as follows: " If the lien is for labor done or for materials furnished for a public improvement, it shall not continue for a longer period than three months from the time of filing the notice of such lien, unless an action is commenced to foreclose such lien within that time, *and a notice of the pendency of such action is filed with the comptroller of the state * * * * * * * * or unless an order be made by a court of record, continuing such lien, and a new docket be made stating such fact."

Plaintiff moves *" for an order permitting the filing of the lis pendens in the above entitled action, nunc pro tunc, as of September 1, 1928, in the office of the Clerk of the County of Oneida, and in the office of the Comptroller of the State of New York."*

Plaintiff argues that section 18 of the Lien Law is silent as to the time within which a notice of pendency must be filed with the Comptroller of the State; that his omission to file such notice of pendency with the Comptroller of the State is such a " mistake, omission, irregularity or defect " as may be supplied on motion under section 105 of the Civil Practice Act. Defendant opposes the motion, asserting that to grant the requested relief would prejudice it in a substantial right.

The filing of a notice of pendency in the instant action " is an indispensable prerequisite to the obtaining of a judgment " of foreclosure. (*Beck* v. *Williams,* 116 Misc. 80, 83.)

Unless action is commenced and notice of pendency filed within three months after filing of the notice of such lien, unless the lien be extended by order of the court, the lien no longer " continues." Filing of a notice of pendency and commencement of the action are jurisdictional requirements which cannot be supplied *nunc pro tunc.* (*Northwest Engineering Co.* v. *Rappl,* 132 Misc. 497, 498.) Section 18 of the Lien Law provides that the lien shall not continue for a longer period than three months from the date of filing, unless an action is commenced to foreclose the same and a notice of pendency of such action is filed with the Comptroller of the State within said period. To render the lien effective, it is imperative that action be begun and notice of pendency filed within said three months' period. (*Danziger* v. *Simonson,* 21 J. & S. 158; *Matter of Gabler,* 57 Misc. 148; *Reimer* v. *Naughton,* 191 App. Div.

711; *Bradley & Son* v. *Huber Co.*, 146 id. 630; affd., 210 N. Y. 627; *Bowes* v. *New York Christian Home*, 64 How. Pr. 509; *Poerschke* v. *Kedenburg*, 6 Abb. Pr. [N. S.] 172; *Guarantee Trust Company* v. *P. R. & N. E. R. R. Co.*, 160 N. Y. 7; *Mishkind-Feinberg Realty Co.* v. *Sidorsky*, 111 App. Div. 578; affd., 189 N. Y. 403; *Bohlen* v. *Metropolitan Elevated Railway Company*, 121 id. 546; *Heath* v. *New York Building Loan Banking Company*, 146 id. 260; *Chester* v. *Buffalo Car Mfg. Co.*, 183 id. 425, 439; *Neu* v. *Rogge*, 88 N. J. L. 335, 340.)

In *Neu* v. *Rogge* (*supra*) the court said: " We are unable to find any legal justification for ignoring the statutory declaration that the notice must be filed prior to the beginning of the action in order to enter a valid judgment. An order *nunc pro tunc*, to file such notice after the beginning of the action and before the entry of the judgment, in face of the statute, must fail of its purpose. The statute being mandatory the Supreme Court was without power to make an order *nunc pro tunc* after the plaintiff had begun his action to remedy the omission, and thereby to permit the plaintiff to file the statutory notice as if in conformity with the statutory requirement."

A *lis pendens* may be amended to correct some mistake. (*Fitzgerald* v. *Blake*, 28 How. Pr. 110, 111; 42 Barb. 513; *Vanderheyden* v. *Gary*, 38 How. Pr. 367.)

Once the office of a notice of pendency is understood, it becomes apparent why the filing of such notice is jurisdictional. (*Hodgens* v. *Columbia Trust Co.*, 103 Misc. 417, 423; *Troll* v. *City of St. Louis*, 257 Mo. 626; 168 S. W. 167; *Leitch* v. *Wells*, 48 N. Y. 585, 604.)

It is quite clear from section 18 of the Lien Law that notice of pendency must be filed with the Comptroller of the State. within three months after the filing of the lien. The court has inherently neither real nor occult power, and section 105 of the Civil Practice Act gives it none, to quicken plaintiff's lien as requested. Motion for leave to file notice of pendency *nunc pro tunc* must be denied.

Ordered accordingly, with ten dollars costs of motion.