EARL B. WHITE, Respondent, *v.* C. M. McLEAN & SONS, INC., and Another, Appellants, Impleaded with PEERLESS CONCRETE COMPANY, STATE OF NEW YORK, Defendant.

Fourth Department, May 11, 1932.

*Parsons & McClung* [*Homer E. Peters* of counsel], for the appellants.

*Byrne, Byrne & Lowery* [*Richard P. Byrne* of counsel], for the respondent.

THOMPSON, J. In accordance with the provisions of the Lien Law plaintiff filed a lien in the office of the Comptroller of the State of New York for labor done and material furnished for a public improvement. The lien was afterwards raised by the filing of an undertaking. This did not change the relation and rights of the parties. (*Berger Mfg. Co.* v. *City of New York*, 206 N. Y. 24, 30; *Sexauer & Lemke* v. *Burke & Sons Co.*, 228 id. 341, 345.) The duration of a lien under a contract for a public improvement is fixed at three months from the time of filing the notice of the lien " unless an action is commenced to foreclose such lien within that time, and a notice of the pendency of such action is filed with the Comptroller of the State   *   *   *,   or unless an order be made by a court of record, continuing such lien, and a new docket be made stating such fact." (Lien Law, § 18, added by Laws of 1911, chap. 873, as amd. by Laws of 1928, chap. 236.) Plaintiff's lien was not continued by a court order nor was a notice of pendency of an action filed with the Comptroller until after the expiration of more than three months from the time of filing the notice of the lien with the Comptroller. However, the summons and complaint in an action to foreclose the lien were served on the defendants who appear on this appeal within that time. Such defendants later, and within the three months' period, interposed answers to the plaintiff's complaint, denying the material allegations of the complaint. Still later, and after the three months' period had run, defendants interposed amended answers, in which they set up the failure of plaintiff to file a notice of pendency of the action within the required time, as a defense. Immediately plaintiff served notice of a motion for an order directing the Comptroller to accept and file in his office a notice of pendency of the action, *nunc pro tunc*, as of November 14, 1931. To support this motion, plaintiff presented the affidavit of one of his attorneys to the effect that on November 14, 1931, which was about two months after the lien was filed, the attorney dictated a notice of pendency to a stenographer in his office with instructions that it be mailed to the Comptroller; that on the day before the service of the notice of motion, the affiant found the notice and copies in the files of his office, and discovered that by mistake his instructions had not been carried out. Upon these facts, the Special Term granted the motion of plaintiff and made an order requiring the Comptroller to receive, accept and file the notice of

pendency as of November 14, 1931, the order further adjudicating that the receipt, acceptance and filing of the notice of pendency should have and be of like force and effect as though it had actually been filed in the office of said Comptroller on the 14th day of November, 1931. Here we have defendants' appeal from this order. The commencement of an action to foreclose the lien within the specified time was not alone sufficient to continue it in effect beyond the time limited by statute; the notice of pendency must also have been filed. This latter requirement is not such a technical direction that a violation thereof may be overruled or disregarded. (*Giant Portland Cement Co.* v. *State of New York*, 232 N. Y. 395, 408; *Danziger* v. *Simonson*, 116 id. 329; *Gray Marble & Slate Co.* v. *Schaefer*, 206 App. Div. 167; affd., 237 N. Y. 576; *Reimer* v. *Naughton*, 191 App. Div. 711; *Bradley & Son* v. *Huber Co.*, 146 id. 630; affd., 210 N. Y. 627.)

Moreover, paragraph a of subdivision 2 of section 21 of the Lien Law (as amd. by Laws of 1930, chap. 859) now provides that a lien for a public improvement is discharged when three months have elapsed since its filing unless either an order continuing the lien or a notice of pendency of an action to enforce it, as provided in section 18, has been filed. By this amendment the Legislature struck out the provision that a lien for a public improvement is discharged by lapse of time when three months shall have elapsed since its filing and no action has been commenced to enforce it, and in its place inserted the provision that the lien should so expire unless a notice of the pendency of an action to enforce it shall have been filed, as provided in section 18 of the Lien Law. The effect of the amendment is that whether or not an action to enforce a lien has been commenced within the prescribed time, failure to file a notice of pendency of such an action within the same period destroys it. In such a case, the statute being self-operative, the lien is discharged without order or action. (*Martens* v. *O'Neill*, 131 App. Div. 123, 125; *Matter of Rudiger*, 118 id. 86, 88.)

We have not overlooked the case of *Manton* v. *Brooklyn & Flatbush Realty Co.* (217 N. Y. 284), in which it was held that failure to redocket a lien, under section 17 of the Lien Law, within the prescribed period did not render it void. There the lien was continued by order and the order was filed with the clerk, but the fee for docketing the lien was not paid, and so the lien was not redocketed. In reaching its conclusion the court construed the provision of section 17 that " such lien *shall* be redocketed " to be a command addressed to the public officer by whom the docket book is kept, and not the imposing of a condition of the continuance of the lien. The requirement that a notice of pendency

of an action to foreclose a lien must be filed is not a mere command addressed to a public officer, but it is a condition which must be fulfilled by the lienor if he would have his lien continue valid and enforcible.

Furthermore, the Special Term was without authority in any event to grant an order *nunc pro tunc* upon these facts. The purpose of such an order is to record some fact which actually existed, but which was not properly recorded. (*Guarantee Trust Co.* v. *P., R. & N. E. R. R. Co.*, 160 N. Y. 1, 7.) Here the necessary fact was the filing which did not exist and its non-existence cannot be thus artificially supplied.

The order should be reversed, with costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.