WERRA ALUMINUM FOUNDRY Co., Respondent, v. "LOUIS" LEVINE and Others, Defendants, and FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.— Order denying defendant Fidelity and Casualty Company's motion to dismiss the plaintiff's lien on the ground that it failed to commence an action within three months after the filing of its notice of lien, affirmed, with ten dollars costs and disbursements. Assuming — without deciding — that a court has jurisdiction of a summary application of this character, based on this ground, section 18 of the Lien Law is to be read and interpreted in connection with section 21 in its present form. Section 21 exclusively controls the conditions under which a discharge of a lien for a public improvement may be had. Its sole pertinent

requirement is that a notice of pendency of action to enforce a lien shall have been filed within three months after the filing of the notice of lien. It provides that such notice of pendency of an action shall be filed "as provided in section eighteen of this article." Section 18 provides for the filing of a notice of pendency with the Comptroller. Such notice was filed in the case at bar. Hence that which was done bars a summary discharge of the lien, by the express language of section 21, which exclusively regulates when such liens may be discharged. Cases decided before the amendment of section 21, giving to it its present form, are not controlling. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.