JOHN J. O'NEILL, Respondent, *v.* SEGLIN CONSTRUCTION COMPANY, INC., and STANDARD ACCIDENT INSURANCE COMPANY, Appellants, Impleaded with HENRY CIAFARDONI and Others, Respondents.

Judgment affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Untermyer, Dore and Cohn, JJ.; Untermyer, J., dissents in part. [158 Misc. 742.]

UNTERMYER, J. (dissenting in part). Notwithstanding the decision to the contrary in *Werra Aluminum Foundry Co.* v. *Levine* (246 App. Div. 733; decided December 6, 1935), I am of opinion that the forty-five liens which came into existence on November 18, 1933, had lapsed at the time of the commencement of this action against Seglin Construction Company and its surety, Standard Accident Insurance Company. In the absence of an order continuing these liens, it was essential that an action to enforce them be commenced within three months, or before February 18, 1934 (Lien Law, section 18, as it existed at the commencement of this action). Although the action was commenced against the defendant lienors within that period and a notice of pendency filed on February 17, 1934, the summons and complaint were not served on Seglin Construction Company, Inc., until February 23, 1934, nor on Standard Accident Insurance Company until February 26, 1934.

By section 18 of the Lien Law, if an order continuing the lien is not secured, " it shall not continue for a longer period than three months from the time of filing the notice of such lien unless an action is commenced to foreclose such lien within that time and a notice of the pendency of such action is filed with the Comptroller of the State or the financial officer of the municipal corporation with whom the notice of such lien was filed." To protect a lien, therefore, it is indispensable that an action to foreclose the lien be commenced within three months and that notice of pendency " of such action " be duly filed (*Berger Mfg. Co.* v. *City of New York*, 206 N. Y. 24; *White* v. *McLean & Sons, Inc.*, 235 App. Div. 342; Jensen on Mechanics' Liens [3d ed.], § 262). In the present case the action was not commenced against the contractor and its surety within the period of three months, though commenced within that period against the defendant lienors. These lienors, however, were obviously neither " joint contractors " nor otherwise " united in interest " with the contractor, Seglin Construction Company, Inc., or the surety, Standard Accident Insurance Company (Civil Practice Act, § 16), but were distinctly adverse parties. (*Reimer* v. *Naughton*, 191 App. Div. 711; *Martens* v. *O' Neill*, 131 id. 123; *Martin* v. *de Cappet*, 64 Misc. 385.) Consequently, the action was not commenced against the appellants within the statutory period. Even so, if the liens of the defendant lienors, which came into existence on November 18, 1933, had been subsisting when this action was commenced, they would no doubt have been saved thereby without the necessity of instituting independent actions to foreclose their liens. (Lien Law, § 18.) But at the time of the commencement of this action against the contractor and the surety those liens had expired and stood in no better position than the plaintiff's lien. The plaintiff could not, by joining these lienors as parties defendant, revive liens which at that time were unenforceable and in law not liens at all. (*Italian M. & M. Co., Inc.,* v. *City of Niagara Falls*, 131 Misc. 281.)

I find nothing to the contrary in subdivision 2 of section 21 (as amended by chapter 859 of the Laws of 1930) which provides that liens for public improvements are discharged "when three months have elapsed since the filing of the notice of lien, unless, before the expiration thereof, either an order continuing said lien has been filed in the office where the notices are filed, or a notice of the pendency of an action to enforce said lien has been filed as provided in section eighteen of this article." Although that section refers to the filing of a notice of the pendency of an action to enforce the lien rather than to the institution of the action, it refers to a notice of pendency filed "as provided in section eighteen of this article," which section in turn refers to a lien duly continued by the commencement of an action within three months and the filing of a notice of pendency "of such action." Any other construction would permit the mandatory requirement of section 18 that an action be commenced within three months to be frustrated by the simple expedient of filing a notice of pendency and then not commencing any action at all. Although the statute does not require parties having valid liens to commence actions on their own behalf where they have been joined as defendants in an action to foreclose which has been commenced by another lienor, it does not dispense with the fundamental requirement that *some action to enforce the liens* shall have been commenced against the contractor or the surety by proper service upon one or the other within the statutory period. That right is not satisfied by the institution of litigation exclusively amongst lienors and the filing of a notice of pendency of such an action, futile and pointless until the owner of the fund or his surety has been served. It seems evident, therefore, that the amendment of 1930 of subdivision 2 of section 21 in no way changed the rule as it had existed previously, and so it has been held. (*White* v. *McLean & Sons, Inc., supra.*) (See, also, *National Lumber Co.* v. *Braun & Son, Inc.,* 237 App. Div. 426, and *Hensel* v. *Metropolitan Casualty Ins. Co.,* Id. 739, both of which were decided after the amendment of 1930.)

Section 21-a (added by chapter 859 of the Laws of 1930), upon which reliance was placed by the Special Term, relates to the summary discharge of liens and does not affect the question under consideration here. (See Griffin on Mechanics' Liens, 1930 supplement, pp. 42–43.)

I accordingly dissent from so much of the affirmance as sustains the validity of the liens filed on November 18, 1933.