### In re FREUDLAIT CONST. CO., Inc.

### In re HENDRICKSON BROS., Inc.

#### No. 214.

Circuit Court of Appeals, Second Circuit.

March 1, 1937.

Ernest W. Arlt, of New York City, for appellant.

Krause, Hirsch & Levin, of New York City (Sydney Krause, of New York City, of counsel), for trustee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant is a subcontractor who performed work under a contract with the bankrupt, who was under contract with the State of New York for the erection of a public improvement known as the Creedmoor State Hospital. The bankrupt defaulted, and the fund which the appellant is trying to reach resulted from litigation in the Court of Claims over the amount due the bankrupt for such performance as it was shown to have made.

The basis of the appellant's claim is a mechanic's lien for $2,959.23 first duly filed in accordance with the provisions of the New York Lien Law (Consol.Laws, c. 33) on May 11, 1931. On three subsequent occasions the lien was continued for periods of one year each by orders duly granted and filed as the New York Law required. On January 15, 1935, however, a fourth order for continuance of the lien for one year was obtained, but it was not filed in all the offices where the previous notices had been, and by law were required to have been, filed until after the time for which the lien had previously been extended had expired. Consequently the bankrupt's trustee claims the fund above mentioned free of appellant's lien. The appellant insists that, having obtained a timely order for continuance, its lien was not discharged merely by failure to file the order before the expiration of the period for which the lien had been continued, and this on the theory that substantial compliance with the statute was shown and was sufficient.

As decision turns on the construction to be given state statutes, we are bound to give effect to them as interpreted by the state courts in so far as they have authoritatively construed them.

It has been held in Manton v. Brooklyn & Flatbush Realty Co., 217 N.Y. 284, 111 N.E. 819, that a private improvement lien may be continued where the order for continuance has been duly granted and filed though not redocketed as the statute provides. As to the continuance of such liens it was decided that the condition upon continuance was the granting of the order and not the compliance with the command of the statute that it be redocketed. But that case is not decisive as to the continuance of a public improvement lien such as this appellant had.

Section 18 of the New York Lien Law provides in part as follows: "§ 18. Duration of lien under contract for a public improvement. If the lien is for labor done or materials furnished for a public improvement, it shall not continue for a longer period than six months from the time of filing the notice of such lien, unless an action is commenced to foreclose such lien within that time, and a notice of the pendency of such action is filed with the comptroller of the state or the financial officer of the municipal corporation with whom the notice of such lien was filed, or unless an order be made by a court of record, continuing such lien, and a new docket be made stating such fact."

And section 21 of the same law reads in part:

"§ 21. Discharge of lien for public improvement. A lien against the amount due or to become due a contractor from the state or a municipal corporation for the construction of a public improvement may be discharged. * * *

"2. By lapse of time as follows: * * *

"(b) When the period of time for which the lien has been continued by order has expired, unless, before the expiration thereof, either an order continuing said lien for a further period of time has been filed in the offices where the notices are filed, or a notice of the pendency of an action to enforce said lien has been filed as provided in section eighteen of this article."

In White v. McLean & Sons, 235 App. Div. 342, 257 N.Y.S. 65, 68, it was held that: "Whether or not an action to enforce a lien had been commenced within the prescribed time, failure to file a notice of pendency of such an action within the same peri-

od destroys it. In such a case, the statute being self-operative, the lien is discharged without order or action." The statute referred to as self-operative was subdivision 2 of section 21 of the New York Lien Law. We take this to mean that unless there is a compliance with the provisions of that statute a lien is automatically discharged. And further that section 21 exclusively provides for a summary discharge of such a lien unless the conditions which bar such a discharge have been met. Werra Aluminum Foundry Co. v. Levine et al., 246 App.Div. 733, 283 N.Y.S. 867.

It will be noticed that one of the occurrences which will prevent the discharge of a public improvement lien by virtue of the provisions of section 21, supra, is the filing of an order continuing the lien in the offices where the notices are filed, and that such filing is to be before the expiration of the period of time for which the lien has been continued. That section deals expressly with the further continuance of a lien and presupposes that a valid lien has attached and has previously been "continued by order." That is precisely the situation here presented, and in view of the state decisions above noted we are of the opinion that the appellant's lien was discharged when the last period for which it had been lawfully continued expired without the filing of the new continuing order in the offices where the notices had been filed.

Order affirmed.