MICHAEL SIRACUSA, Doing Business under the Firm Name and Style of COLONIAL CONSTRUCTION COMPANY, Plaintiff, *v.* INCH CORPORATION and Others, Defendants.

City Court of New York, New York County, June 2, 1937.

*Joseph Danenberg,* for the plaintiff.

*Milbank, Tweed, Hope & Webb* [*L. Reyner Samet* of counsel], for the defendants Inch Corporation and Margaret Riker Haskell and others, as executors of and trustees under the will of John L. Riker, deceased.

*Maxwell Berman,* for the defendants Oberg, Blumberg and Bleyer.

*Julius Kahn,* for the defendant Consolidated Roofing Co., Inc.

*Eli Johnson* [*Henry E. Schutzer* of counsel], for the defendant G. E. Walter & Sons.

*Frederick W. Scholem* [*Hyman Goldman* of counsel], for the defendant James E. Casale.

*Solomon & Levy* [*Daniel Levy* of counsel], for the defendant M. Rawle & Co., Inc.

*Irving Berkelhammer,* for the defendant Spencer Ryan Corporation.

*Benjamin Siegel,* for John J. O'Neil, assignee.

*John J. O' Neil, in pro per.*

MADIGAN, J. 1. Statutory provisions included in the Lien Law of the State of New York afford certain protection to those who furnish labor or material for the improvement of real property. Were it not for such statutes, there would be no such lien as our "mechanic's lien." It follows that, in order to establish such a lien, the statutory prerequisities must be met. For failure to comply with requirements of the Lien Law this plaintiff's claim must fail so far as he claims a lien. Plaintiff's notice of lien was not effectual "for a longer period than one year" after the notice was filed (Lien Law, § 17); for no order "continuing such lien" was made (§ 17)

and, even though plaintiff commenced this action within the year following the filing of his notice of lien, no *lis pendens* was filed by any lien claimant within the year following the filing of plaintiff's notice of lien (§ 17). It is true that plaintiff commenced this action, to foreclose his alleged lien, within the year following the filing of his notice of lien. Nevertheless it was essential to plaintiff's lien claim that someone file a *lis pendens* in conformity with the Lien Law within the period of a year following the filing of plaintiff's notice of lien. Plaintiff might have had the period extended by order, but he did not have it extended. He cannot successfully rely on a *lis pendens* filed by another lien claimant, one of the defendants, after the expiration of the period referred to above, even though such filing was timely as to the lien claimed by the party who filed the *lis pendens*. That *lis pendens* was filed too late to serve the purpose of saving plaintiff's lien. (*Matter of Gabler*, 57 Misc. 148; *White* v. *McLean & Sons, Inc.*, 235 App. Div. 342; *Danziger* v. *Simonson*, 116 N. Y. 329; *White Plains Sash & Door Co., Inc.*, v. *Doyle*, 147 Misc. 2; affd., 236 App. Div. 857; affd., 262 N. Y. 16; *Gray Marble & Slate Co.* v. *Schaefer*, 206 App. Div. 167; *Johnson* v. *Griffiths, Inc.*, 144 Misc. 773; *National Lumber Co.* v. *Braun & Son, Inc.*, 237 App. Div. 426.) Some of the cases just cited refer to liens under contracts for public improvements. Nevertheless they are of value here where the liens are claimed against private property.

2. Gaillard Restaurant Company, Inc., the lessee, agreed to pay for the labor and the material which were furnished by each lien claimant. Any party entitled to personal judgment against Gaillard Restaurant Company, Inc., has a standing to move to dismiss any lien; for the dismissal of lien claims implies that the general fund in the hands of the assignee of the lessee will be increased and thus implies a larger dividend to each one of the general creditors of the lessee, Gaillard Restaurant Company, Inc.

3. The same conclusions must be reached for similar reasons as to the other lien claimants excepting the two first referred to in the next paragraph, paragraph 4.

4. After the expiration of the year following the filing of plaintiff's notice of lien, a *lis pendens* was filed by a defendant who claims a lien. That *lis pendens* was timely as to the lien claimed by that defendant and as to the lien claimed by one of the other defendants, inasmuch as in relation to their lien claims the original period of one year or the extended period of one year, pursuant to order, had not expired. Those two liens are claimed against the interests of the owners of the real property. But they are so claimed on unfounded allegations to the effect that labor was

performed or material furnished with the consent of the owners‘ (Lien Law, § 3.) Those two claimants have failed to establish by a fair preponderance of the credible evidence their allegations as to " consent," and, therefore, they have not established that they are entitled to liens.