ALLEN, Judge.
This is an appeal from a final decree ordering the foreclosure of a mechanic’s lien. Appellants were defendants in the lower court and the appellee was plaintiff.
Several questions are raised in the brief of the appellants but we will only allude to one question presented below since we shall reverse the trial judge and direct that the complaint be dismissed.
Appellants’ Point I is as follows:
“Even though the holder of a mechanic’s lien filed suit within one year from the date his lien is recorded, does his mechanic’s lien continue for more than one year from the date of recording when he fails to file the notice of pendency of the action within one year from the date of recording of said mechanic’s lien as provided in Chapter 84.21, Florida Statutes Annotated?”
The defendants, Clyde R. Adams and Susie A. Adams, his wife, filed a motion for summary final decree based on a question of law that the defendants were entitled to such decree because the plaintiffs had no valid lien. The trial judge denied this motion for summary final decree. The defendants, in their motion for a rehearing after final decree was entered against them, also raised the question that the plaintiff did not hold a valid claim of lien since it had failed to file a notice of the pendency of the action as required in Chapter 84.21, Florida Statutes Annotated.
At the time Circuit Judge White entered the final decree now appealed to this court, no appellate court in Florida had passed on the question presented to him. Subsequent to that date, and after Judge White had become a member of this court, our sister court of the Third District, in an opinion by Judge Horton (Trushin v. Brown, Fla.App. 1961, 132 So.2d 357), held that the failure of plaintiff to file a notice of pendency of the action was fatal to her right to enforce her mechanic’s lien and required a discharge of the property from the effect of the lien, even though defendant had actual notice of pendency of the action from inception of suit and suit was instituted less than one year from the filing of the claim of lien. In his opinion Judge Horton said:
“Although the appellee’s claim of lien was duly filed and suit was instituted within the prescribed period of time, *28 no notice of the pendency of the action has been filed. The acquisition of a mechanic’s lien is purely statutory. The courts have uniformly held that to acquire such a lien, the mechanic’s lien law must be strictly complied with. See Browne v. Park, 144 Fla. 696, 198 So. 462. No one could seriously contend that the failure to commence an action within one year after the filing of a claim of lien would not only bar the enforcement of the lien but work a discharge thereof. See § 84.23(3), supra; Bowery v. Babbit, 99 Fla. 1151, 128 So. 801; Kimbrell v. Fink, Fla.1955, 78 So. 2d 96.
“Since the clear language of the statute (§ 84.21, supra) requires the filing of a notice of the pendency of an action as a condition for the duration as well as the enforcement of the mechanic’s lien, we conclude that a failure to so comply and the elapsing of more than one year would bar the enforcement of the lien and discharge the property from the effect thereof. Although the wisdom of the requirements in all mechanic’s lien foreclosures for the filing of a notice of the pendency of an action, where the rights of third parties are not involved, may be questionable, nevertheless we feel it our duty to construe the statute in the light of its clear, unambiguous terms. Our conclusion that the failure of the appellee to file a notice of the pendency of this action is fatal to her right to enforce the mechanic’s lien and requires a discharge of the property from the effect of said lien, is nevertheless without prejudice to such rights as she may otherwise have under the law.”
Judge Carroll concurred in Judge Horton’s opinion but Chief Judge Tillman Pearson dissented, saying:
“It is my view that a ‘notice of pen-dency’ is a ‘lis pendens’ by English translation and is the same creature in a different coat. As such it has no office here where the defendant had knowledge of pendency at all times. The law ought not take away a man’s rights because of his failure to do a useless thing. I would affirm. See Sheridan v. Cameron, 65 Mich. 680, 32 N.W. 894; Scott v. Weimer, 99 Colo. 247, 61 P.2d 591.”
The appellants, in their brief, cite the following cases from other jurisdictions to sustain their position in this court: Johnson v. Waldo Griffiths, Inc., 144 Misc. 773, 259 N.Y.S. 386; Siracusa v. Inch Corporation, 164 Misc. 820, 298 N.Y.S. 878; and Cox v. Hruza, 54 N.J.Super. 54, 148 A.2d 193.
In the case of. Johnson v. Waldo Griffiths, Inc., supra, the Court denied the right of the plaintiff to file the notice of pendency nunc pro tunc, stating:
“Unless action is commenced and notice of pendency filed within three months after filing of the notice of such lien, unless the lien be extended by order of the court, the lien no longer ‘continues.’ Filing of a notice of pen-dency and commencement of the action are jurisdictional requirements which cannot be supplied nunc pro tunc. * !|: *»
The appellee cites cases from California, Colorado, Michigan and Minnesota to sustain the decision of the lower court. The general effect of these decisions is that where an owner has personal knowledge of a suit for foreclosure of a mechanic’s lien the filing of the pendency of the suit, although shown to be required by the state statutes, is not necessary because the owner already has notice of the suit by virtue of the pending action against him.
In view of the fact that the plaintiffs below failed to comply with the mandatory provisions of the mechanic’s lien statutes of the State of Florida, and the fact that our sister court has already ruled on this question, we shall follow their opinion. The decree appealed from is reversed and the *29 cause is remanded with directions to dismiss the complaint and discharge the property from the effect of the lien.
Reversed and remanded with directions.
SHANNON, C. J., and SMITH, J., concur.