SMITH, Chief Judge
(dissenting).
I concur in that part of the decision of the majority to the effect that these lienors were required to file a notice of pendency of the action because (1) they were not made parties defendant in an action to enforce another lien in which such a notice had been filed and the lien was not transferred to a cash deposit or bond, which are the exceptions as to notice stated in § 84.-21, Fla.Stat., F.S.A., and (2) the action of *86 the owners in which they were a party was not an action to foreclose a mortgage or other lien upon the same real property in which a notice of pendency of action was filed, which is the remaining exception to notice set forth in § 84.23, Fla.Stat., F.S.A.
Section 84.21, Fla.Stat., F.S.A., provides that no lien shall continue for a longer period than one year after the claim of lien has been filed unless within that time an action to enforce the lien is commenced and a notice of the pendency of such action is filed. Section 84.23, Fla.Stat., F. S.A., provides that a lien may be discharged by several named methods, among them being the failure to commence an action to enforce the lien within a time provided by order of the court. I find no difficulty or inconsistency in applying the terms of the foregoing statutes to the facts of this case and thereby arriving at the conclusion that when the court shortened the time within which the lienors were required to bring an action to enforce their liens this order had the effect of also shortening the time within which they could file a notice of the pendency of the action. Such a construction applies the well-known rule of statutory construction that the legislative intent is gathered from the entire statute rather than from any one part. To say on the one hand that an action must be filed within a shortened time but on the other hand one of the requisites of such an action (filing a notice of pendency of the action) may be filed at a later time, is in my judgment, unnecessarily applying one section of the act to the exclusion of another applicable section. I believe the result reached by the majority is contrary by analogy to the many decisions holding that a notice of pendency of the action must be filed within the time in which the action must be filed. See West Plumbing and Heating Co. v. Hurley, Fla.App. 1964, 168 So.2d 328; Johnson v. Roswell, Fla.App. 1963, 156 So.2d 190; Cowherd and Sanderlin, Inc. v. Modern Improvement, Fla.App.1962, 142 So.2d 786; Adams v. Kenson Supply Co., Fla.App.1962, 137 So.2d 27; and Trushin v. Brown, Fla.App.1961, 132 So.2d 357.
I therefore conclude that these lienclaim-ants were required to file a notice of pen-dency of the action, which notice must be filed within the shortened period of time for bringing the action and that by failing to file such a notice these lienors failed to bring themselves fairly within the statutory provisions as they were required to do in order to avail themselves of the benefits of the act. I am further persuaded to this-view because of the fact that many of the initial decisions construing the mechanics, lien law of Florida cite decisions of the New Jersey and New York courts because-their statutory provisions are similar to the-Florida statute and the precise question' presented here has been determined there as I believe it should be determined here.. See Cox v. Hruza, 1959, 54 N.J.Super. 54, 148 A.2d 193; Siracusa v. Inch Corporation, 1937, 164 Misc. 820, 298 N.Y.S. 878; Johnson v. Waldo Griffiths, Inc., 1932, 144 Misc. 773, 259 N.Y.S. 386; and Wheeler v. Almond, 1884, 46 N.J.L. 161.