HENRI HALL ET AL. v. HENRY C. SPAULDING AND EDWARD H. SPAULDING.

1. Upon distribution between lien-claimants of the fund derived from sale of the premises, their judgments are conclusive of the amount due and the existence of the lien.

2. The failure of the clerk to endorse upon the claim the time of issuing summons, is not, between concurrent claimants, ground for questioning the judgment rendered in the suit. As to them, the statute requiring such endorsement is directory.

In case. On mechanics' lien.

Argued at November Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *G. N. Abeel.*

For Matthews and Spence, *Linn & Babbitt.*

The opinion of the court was delivered by

KNAPP, J. Several lien-claimants, of whom were Matthews and Spence, recovered in the Essex Circuit Court judgments against Edward H. Spaulding, the owner, adjudging their respective claims to the amount found due, to be liens upon the premises against which the claims were filed. The premises were sold under special writs of *fi. fa.*, and the proceeds paid by the sheriff to the clerk of the court, to be distributed as provided for in the twenty-fourth section of the mechanics' lien law. Upon a reference ordered by the court to ascertain and report the amount of the several claims, and the persons to whom due, the right of Matthews and Spence to share in the distribution on account of their judgment, was questioned by other claimants, on the ground that the clerk had failed to endorse upon their lien-claim the notice required by the thirteenth section of the act to be endorsed, of the time of issuing the summons in the suit. Testimony was taken before the referee, to show by whose neglect the omission arose. This testimony it is unnecessary to consider, as that inquiry or any other touching the matter of endorsement, was, between these parties, irrelevant and fruitless. There was no pretence that the objectors were or could be in any way misled by the omission to make the endorsement; and it has already been ruled in this court that the statutory provision requiring the endorsement of notice is merely directory, except as to parties who are so misled. *James* v. *Van Horn*, 10 *Vroom* 353.

The failure of the claimant to have the endorsement made upon his claim before the expiration of the time limited for bringing suit to enforce his lien, might be such evidence of abandonment that a third party acting upon it, and acquiring rights in the property in ignorance of a pending suit, could claim protection for his bargains against the lien; but con-

current lien-claimants are not of the class of persons that can be harmed by the omission, or that will be let in to raise the objection in any way. As to them it is a mere irregularity in proceeding, for which the judgment cannot be impeached.

The judgment of Matthews and Spence, for the purpose of distribution of the fund, is to be taken as conclusive evidence of the amount due to them, and of their right to share in the proceeds of the sale in the statutory proportion.

It establishes, by the highest authority, that the claim is a lien upon the lands, and, until set aside, must be enforced according to its legal effect. Other claimants cannot aver that the lien does not exist as adjudged.