GEORGE M. WHEELER, PLAINTIFF IN ERROR, v. DAVID ALMOND, DEFENDANT IN ERROR.

CHARLES C. SEWALL ET AL., PLAINTIFFS IN ERROR, v. WILLIAM HAWKINS, DEFENDANT IN ERROR.

| | |
|---|---|
| 46 | 161 |
| 56 | 685 |
| 46 | 161 |
| 58 | 435 |
| 59 | 467 |
| 46 | 161 |
| 65 | 589 |

1. The provision of the mechanics' lien law, that the time of issuing the summons to enforce the lien shall be endorsed on the claim within one year after the date of the latest item in the claim, or within thirty days after due notice from the owner to the claimant to sue, is mandatory, and in case of non-compliance with it the lien will be discharged according to the terms of the statute.
2. The powers of amendment conferred on the courts by the act do not enable them to restore the lien when it has been discharged by non-compliance with this mandate.
3. When a claimant has been notified by an owner to sue within thirty days he cannot escape the obligations arising from the notice by thereafter filing a new claim for the same debt.

---

On error to the Union Circuit Court.

For the plaintiffs in error, *E. A. Day* and *Joseph Coult.*

For the defendants in error, *A. Q. Keasbey* and *E. Q. Keasbey.*

The opinion of the court was delivered by

DIXON, J.    The plaintiff below, Almond, filed a mechanic's lien claim with the clerk of Union county, on December 15th, 1882, for $600, the price of a machine furnished and set up on November 15th, 1882.    The defendant below, Wheeler, was named therein as builder and owner.    On January 6th, 1883, Wheeler served a written notice on Almond to commence suit for enforcing his lien within thirty days thereafter, and on January 9th, 1883, filed in the clerk's office an affidavit of such service.    Within the period limited in the notice summons was issued on the lien claim, but no entry of the time of issuing such summons was made on the claim until October 11th, 1883, when the Circuit Court made an order that it might be so endorsed.    Wheeler had duly interposed the plea that the property was not liable to the lien, and at the trial insisted that the lien had been discharged by reason of the facts above mentioned, but the Circuit Court overruled this defence, and judgment went against him.    This ruling is now brought here by exception and writ of error.

In considering the question thus presented it must be borne in mind that this sort of liens exists only by statute, and that consequently the province of courts with reference thereto is mainly that of statutory construction.    If in any case those facts appear which according to the written law create a lien or discharge a lien, then the lien is created or discharged; otherwise, not.    On turning to the statute touching the point now before us, its language seems to be explicit.    The thirteenth section declares that no lien shall be enforced by virtue of the act unless the summons in the suit for that purpose shall be issued within one year from the date of the last work done or materials furnished in the claim ; and the time of issuing such summons shall be endorsed on the claim by the

clerk upon the sealing thereof; and if no such entry be made within one year from such last date, such lien shall be discharged; and any claimant, upon receiving written notice from the owner to commence suit on such claim within thirty days from the receipt of such notice, shall only enforce such lien by suit to be commenced within said thirty days. The twenty-sixth section declares that the property may be discharged from any lien created by the act (1) by payment to the claimant; (2) by payment to the county clerk for the claimant; (3) by the expiration of the time limited for issuing a summons on such lien claim, without any summons being issued or without notice thereof endorsed on said claim; (4) by filing an affidavit that a notice from the owner to the claimant (was served) requiring such claimant to commence suit to enforce such lien in thirty days from the service of such notice; and the lapse of thirty days after such service without such suit being commenced or without any entry of the time of issuing such summons being made on such claim.

This language plainly provides that failure to endorse on the claim the time of issuing the summons within one year from the date of the last item in the claim, or within thirty days after notice to sue, in case such notice be duly given and affidavit thereof filed, shall discharge the lien as effectually as payment of the debt to the county clerk or to the claimant himself. Such force must therefore be given to this enactment unless good reason exists for defeating its apparent import.

Two reasons are urged: first, that the provision was designed merely to give notice to persons concerned that the lien is in process of enforcement, and therefore unless it be shown that some interest will be unjustly affected by preserving the lien without such notice, the requirement must be regarded as directory only, and compliance with its terms as inessential; secondly, that the powers of amendment conferred by the fourteeenth and twentieth sections of the lien law are sufficient to cure the defect.

With respect to the first reason, it may be conceded that the

purpose of this enactment is to secure notice on the files of the county clerk that the lien claim is being pursued, but it would not thence follow that such notice could be justly dispensed with in the absence of proof that injustice would thereby be done. The only persons brought into court are those whose estates accrued before the filing of the claim, and there is no provision in the statute for any judicial inquiry into the claims of others whose rights may have arisen after that occurrence; yet among these latter only are they to be found whose interests are jeopardized by the revival of a lien that once seemed to have expired. Between the end of the time limited for making the endorsement and the actual making of it, parties not engaged in or cognizant of the litigation over the lien would, according to views heretofore expressed in the Supreme Court, (*James* v. *Van Horn,* 10 *Vroom* 353; *Hall* v. *Spaulding,* 11 *Vroom* 166,) be justified in considering the lien as abandoned and in dealing with the property on that hypothesis; and yet, if afterwards the endorsement might be made and judgment be rendered for enforcing the lien, their rights would be effectually cut out by the conclusive power of the judgment without any opportunity for defence afforded to them. This danger, that the interests of persons who cannot be heard will be prejudiced, is ground enough for refusing to hold this plain requirement of the statute to be only directory.

There is also another ground, still more obvious. It is that the legislature has expressly declared what shall be the result of non-compliance with the mandate: the lien shall be thereby discharged. It is impossible to observe the primary rule of giving effect to all the words of the act, without adjudging that the omission to make the endorsement within the time limited abates the lien. Among the various refinements in which courts have indulged while endeavoring to state the distinction between directory and imperative statutes, none, I think, can be found that would justify us in preventing the consequence which the legislature has said shall follow upon disobedience to its enactment. In the case of *Proprietors*

*of Morris Aqueduct* ads. *Jones,* 7 *Vroom* 206, (affirmed 8 *Vroom* 556,) Chief Justice Beasley, in deciding that a provision direct ing notice of an appeal to be given two weeks before the term of the court to which it was taken was imperative, stated the rule to be that " every requirement of an act must have the full effect the language imports unless such interpretation of the words will lead to great inconvenience, injustice, or a subversion of some important object of the act." In the case before us it will not induce any of these undesirable results to adjudge this provision for endorsement to be mandatory; it merely exacts of the claimant such diligence in pursuing his peculiar remedy as the statute creating it prescribes, under the penalty which the statute itself denounces.

We come, then, to the question whether the lien law gives to the judiciary the power of restoring the lien discharged by the omission mentioned.

The fourteenth section enables a justice of the Supreme Court to order a lien claim to be amended, in matter of substance as well as in matter of form, whenever it shall appear to him that such amendment can be justly made. This power is not broad enough to reach the case in hand. It extends only to the amendment of the lien claim. The defect here complained of is not in the claim. It is the want of a notice entirely distinct from the claim, and which is to be endorsed thereon only that it may be the more surely seen.

The twentieth section authorizes the Circuit Court in which the suit is pending, or any judge thereof, at all times, to amend all defects and errors in any suit or proceeding under the act, so that the merits of the controversy between the parties may be determined. This also, we think, falls short of the necessary scope. Such amendments only are authorized as will aid in determining the merits of the controversy between the parties. But an order which restores a discharged lien, which, on the controversy whether any lien exists, shifts the legal merits from one side to the other, is not an amendment of that character. The court must amend according to the truth, and when it does so in regard to this endorsement it

will still appear that no entry of the issuing of the summons was made on the lien claim within the time limited, and the legal judgment must thereupon still be that the lien was for that cause discharged.

Hence there was error in the ruling of the Circuit Court on the point presented by this exception, and the special judgment in favor of the lien must therefore be reversed.

In Sewall v. Hawkins the same question is raised as in Wheeler v. Almond, unless it is modified by the following circumstances: A lien claim was filed December 20th, 1882, without any affidavit; on January 6th, 1883, the owners gave the thirty days' notice to sue, and filed an affidavit of its service on January 9th, 1883; on January 31st, 1883, the claimants filed another claim, similar to the first, but duly verified, and issued summons within the time limited by the notice, but the time of issuing the summons was not entered on either claim until several months afterwards, when the court ordered it to be done.

These facts do not change the legal aspect of the case..

The first claim was not a nullity; for, at the worst, it was capable of becoming, by amendment under the act, a perfect claim. Its filing, therefore, gave the owners the right to serve the statutory notice, and, by their compliance with the law in that particular, the claimant became bound to have the summons issued for enforcing the lien, and due entry thereof made within thirty days. This obligation he could not escape by filing a second claim. Whether he had the right to file that without judicial sanction need not be considered. Even if he had, the duties arising out of the notice still remained, and the consequence of failure to see that they were performed was, not that the claim on file when the notice was given should go for naught, (which might leave the second claim valid,) but that the lien created by the statute should be discharged. When this had occurred, all claims were worthless.

In this case also, therefore, the special judgment maintaining the lien must be reversed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SCUDDER, COLE, PATERSON. 5.

*For reversal*—DEPUE, DIXON, KNAPP, MAGIE, PARKER, REED, WHITAKER. 7.