CYRUS CURRIER et al.

*v.*

GEORGE CUMMINGS et al.

By a written lease, a tenant rented certain vacant lands for one year, and thereby agreed to surrender the possesion of the premises at the end of the year, and also to leave whatever improvements he had made on the premises to become the property of the lessor, in the event of his not purchasing the premises. The lessor agreed, in the lease, to convey the premises to the tenant or his appointee, at any time during the year, on certain conditions. During the term, the lessee erected large buildings on the premises, and put valuable machinery therein, and then surrendered the possession to the lessor. The complainant and Cartwright furnished the machinery, for which they have not been paid, and they filed mechanics liens therefor. One of the defendants, Cummings. erected the buildings, and he also filed a mechanics lien for the amount due him, and, as further security, obtained from the lessee a chattel mortgage on the machinery—*Held,*

1. That the lease and contract to convey did not constitute the written consent of the owner requisite, under the statute,.to subject his interest in the lands to the liens.

2. That the tenant's interest in the lands, under the contract to convey, was subject to the liens, since, for aught that appears, he had a right, at the time the bill was filed, to exercise his option to purchase.

3. That the lien of Cummings's chattel mortgage, on so much of the machinery as are fixtures, is subordinate to complainant's, and the injunction to restrain him from removing those fixtures was made perpetual.

4. Cummings's lien was filed on October 22d, 1884; complainant's on October 25th, and Cartwright's on November 13th. Each of these claimants issued a summons on his lien, but only Cartwright endorsed thereon the date of issuing the summons, as required by the statute.—*Held,* that this omission of the other claimants avoided their liens.

---

On bill, answer and proofs.

10

*Mr. J. Henry Stone,* for complainants.

*Mr. John J. Hubbell,* for defendant Cummings.

BIRD, V. C.    The defendants Van Renselears entered into a lease with the defendant " The Solid Steel Casting Company," in and by which they leased to it a parcel of land for one year for $100, payable in quarterly payments, with the right of entry in case of default in the payment.    The company covenanted to surrender at the end of the year.    The lease then contained this clause :

"And further will suffer to remain and become the property of the said party of the first part, whatever improvements may be put upon said premises, including all buildings, ferries, railroad tracks or other structures, in the event of their not purchasing said premises as hereinafter mentioned."

After which is the following :

"And the said party of the first part do further agree that at any time prior to the expiration of said term, upon the said party of the second part tendering to them $2,500 in cash, and their bond conditioned for the payment of $7,500, in three installments of $2,500 each, whereof the first shall be payable in one year, the second in two years, and the third in three years from the date thereof, with interest upon the whole or such portion thereof as may be unpaid, at the rate of six per cent. per annum, payable semi-annually, they will convey to said party of the second part, or to such person or corporation as they may designate as grantee, the premises herein described, including the right of way; said deed therefor to contain the usual covenants of warranty, and shall convey a title thereto in fee simple (excepting said right of way) and free from all encumbrances."

The unpaid purchase-money was to be secured by bond with a mortgage on the premises.

The foregoing shows a lease for one year, with the right of the lessee to purchase.    It also shows the right to erect buildings and the like, but in case the lessee does not purchase, imposes upon him the obligation of allowing all such improvements to remain on the premises.

The lessee erected large buildings thereon, and placed in them valuable machinery for manufacturing purposes, and then surrendered the premises.

The complainants and others furnished to the lessee large quantities of machinery, for which they have not been paid. To secure themselves they have filed liens under the act respecting mechanics' liens.

The defendant Cummings erected the buildings for the company, into which all of said machinery was placed. To secure his claim for money still due, he filed a lien under said act. He also accepted a chattel mortgage from the company on a large portion, if not all, of the machinery.

Two questions are presented. *First.* Can the claims filed be made effectual under the fourth section of our lien law? *Second.* Is the chattel mortgage an effectual prior lien on all the articles named therein, even though some of them should be declared to be fixtures?

As to the first, the buildings were erected by a tenant, with the right to purchase. The buildings were erected with the distinct provision in the agreement that if the premises were surrendered all the buildings and other improvements should remain. The erection of the buildings was contemplated by both parties. The proof shows that the land was vacant, and that it could only be utilized by the company by constructing buildings thereon, and placing machinery in them. Our statute (*Rev. 669 § 4*) provides:

"That if any building be erected by a tenant or other person than the owner of the land, then only the building and the estate of such tenant, or other person so erecting such building, shall be subject to the lien created by this act, unless such building be erected by the consent of the owner of such lands in writing, which writing may be acknowledged or proved, and recorded as deeds are, and when so acknowledged or proved and recorded, the record thereof and copies of the same, duly certified, shall be evidence in like manner."

Was such statutory consent given in the terms of the lease as above set forth? Although the case seems to me to be very strong, from an equitable view, yet the cases of *Strong* v. *Van Dusen, 8 C. E. Gr. 369* and *Mackintosh* v. *Thurston, 10 C. E. Gr. 242*, forbid such conclusion; also *Jersey Co.* v. *Davison, 5 Dutch. 415.*

But under this fourth section such estate as the tenant has is subject to the lien given by the act. Clearly, his estate, as tenant, terminated at the expiration of the year named in the lease. Therefore, in that regard, nothing remains upon which the law can operate. But the lease contained an agreement to convey. It is claimed that this is such an estate as is contemplated by the statute, and that that estate is subject to be sold under the decree of a court of equity, and that the purchaser can enforce all the rights which the tenant had under his agreement for an absolute conveyance. But the tenant's term under the writing as a lease has expired. It is no longer in possession. And there is no proof that it claims anything under the agreement to convey. Such, however, was the exact condition when the learned and experienced vice-chancellor advised the injunction restraining the defendant Cummings from removing certain articles attached to the freehold. Doubtless such injunction was advised at the instance of the complainant, upon the ground that the defendant " The Solid Steel Casting Company " still had some estate in said lands under said agreement. If it had any estate it was the equitable title under the agreement to purchase. I cannot but think that it did possess such an estate at the time of filing the bill. At that time it could, for aught that appears, have insisted upon a conveyance. Then, if it had such right, would it not shock the conscience to allow it to stand aside, so that all the benefits of its improvements should be cast upon the lessors without any consideration, and to the great damage to the complainant and others of the value of such improvements? I think so. I think these complainants should be permitted to stand in the place of the vendee, and to enjoy all the benefits of its contract.

As to the lien of the chattel mortgage, in my judgment it is subordinated to mechanics lien claimants upon all the articles which, in the law, may be denominated fixtures. And I think under this head come the two engines, the two pumps, the blowers, the steam boilers, the gearing, the belting, the emery wheel, the melting furnaces, the grinding mill, the twelve furnaces of four pots each, the annealing furnaces, and the smoke stacks.

There were three mechanics liens filed against the Solid Steel Casting Company, one by said George Cummings, October 22d, 1884; one by the complainants, October 25th, 1884; and one by Robert Cartwright and others, November 13th, 1884. It appears in the evidence that each of the same parties issued attachments against said company, but only one of them procured a levy to be made under the writ. Whilst the last-named fact was presented in the testimony without objection, I do not understand that any claim is made in this proceeding under the attachments.

Each of the said lien claimants issued a summons upon his lien claim; and Cartwright & Currier caused the date of the issuing of such summons to be endorsed on their respective lien claims, but Cummings did not. This omission would seem to be fatal to such claim. It was so expressly decided in *Wheeler* v. *Almond, 17 Vr. 161.*

In my judgment, the injunction heretofore allowed should be made perpetual. The complainants are entitled to costs as against the defendant Cummings.