54 N.J. Super. 54 (1959)
148 A.2d 193
BELFORD C. COX, T/A B.C. COX LUMBER CO., PLAINTIFF-APPELLANT,
v.
LESLIE HRUZA, ET UX., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1959.
Decided February 5, 1959.
*55 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Edward S. Miller argued the cause for appellant (Mr. Nathaniel Rogovoy, attorney).
Mr. J. Peter Davidow argued the cause for respondents.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff appeals from a judgment of no cause of action entered in defendants' favor by the Cumberland County District Court in a mechanics' lien *56 suit, for failure to comply with N.J.S. 2A:44-99 and 101 of the Mechanics' Lien Act. The precise question involved is this: Where a materialman, who sold lumber to a contractor who used it to alter a house for the owners under an unrecorded contract, timely filed his mechanics' notice of intention and mechanics' lien claim and later commenced suit against such owners, but the commencement of the suit was not endorsed on the lien claim as required by N.J.S. 2A:44-99 and 101, is such defect fatal to the action, so that the claim must be discharged by order of the court as specified in the statute, or is it merely procedural, so that notation of the commencement of the suit may in the discretion of the court be entered on the lien claim nunc pro tune?
Defendants Hruza contracted with one Wilford, a contractor, to make certain alterations and repairs on their home at Laurel Lake, Cumberland County. The building contract was not recorded. On August 1, 1956 plaintiff, prior to furnishing any materials to Wilford, filed his mechanics' notice of intention in the Cumberland County Clerk's Office. Thereafter, between August 16 and December 22, 1956, he supplied materials for the job in the amount of $98.59. Plaintiff filed his mechanics' lien claim on March 27, 1957, within four months after the date of the last materials furnished, N.J.S. 2A:44-91, the claim being in the form required by N.J.S. 2A:44-92. The claim was duly entered by the county clerk in his lien docket, pursuant to N.J.S. 2A:44-93.
On March 29, 1957, and within four months of the date of last furnishing materials (N.J.S. 2A:44-98), plaintiff filed a two-count complaint in the Cumberland County District Court (N.J.S. 2A:44-97), demanding judgment (1) against the Hruzas on the lien claim, and (2) against them as well as Wilford, as their agent. No certificate of the commencement of this action was obtained from the district court clerk (who also was county clerk), and the lien claim filed in the county clerk's office was, accordingly, not endorsed after the commencement of the action as required *57 by N.J.S. 2A:44-99. The district court judge dismissed the mechanics' lien action for plaintiff's failure to file the required certificate, and entered the no cause judgment under appeal.
N.J.S. 2A:44-99 provides:
"The county clerk shall, upon the commencement of the civil action, commenced in the county court or, upon the presentation of the certificate prescribed in section 2A:44-101 of this title, if commenced in the superior or county district court, indorse on the lien claim the time of the commencement of the action.
If no such indorsement is made within 4 months or within the extended period provided by section 2A:44-98 of this title, from the last date of the labor performed or materials furnished, or if such claimant shall fail to issue the summons in the action within 5 days after the aling of the complaint or to prosecute his claim diligently within 1 year from the commencement of the action or such further time as the court may by order direct, the lien shall be discharged by an order signed by the superior court or the county court." (Italics ours.)
N.J.S. 2A:44-101 directs that
"The plaintiff in an action brought in the superior court or a county district court on a lien claim, shall obtain from the clerk of such court a certificate to the effect that an action has been commenced in that court on such lien claim, specifying the court wherein the action is brought, and the date when such action was so commenced. The certificate shall be presented to the proper county clerk within 5 days after the commencement of the action, who shall indorse on the lien claim that an action thereon has been commenced, specifying the court where, and the date when such action was commenced."
Our Mechanics' Lien Act, N.J.S. 2A:44-64 et seq. traces back to the beginning of the 19th Century. It was amended and supplemented periodically until 1898, when "An Act to secure to mechanics and others payment for their labor and materials in erecting any building (Revision of one thousand eight hundred and ninety-eight)," L. 1898, c. 226, was passed. Chapter 227 of the laws of that year repealed sundry acts relative to mechanics' liens still on the statute books. For the history of the emergence of our modern law from a statute limited in its applicability to a narrow *58 locality and for a limited period and only for debts of the owner whose property was subjected to the lien, to a law of general application to the entire State and encompassing debts not only of the owner but also of the contractor, see McNab & Harlin Mfg. Co. v. Paterson Building Co., 71 N.J. Eq. 133 (Ch. 1906). The present law is, in its essential provisions, like the one passed in 1898. With a few additions, the changes that have been made were those necessary to accommodate nomenclature and procedure to the reconstruction of our judicial system since the 1898 revision. In the 1951 revision of Title 2 of the Revised Statutes of 1937, the Legislature deleted procedural matters now governed by the rules. See Columbia Lumber & Millwork Co., Inc. v. De Stefano, 12 N.J. 117, 123-124 (1953).
Plaintiff relies in great part upon the decisions of our former Supreme Court in James v. Van Horn, 39 N.J.L. 353 (1877), and Hall v. Spaulding, 40 N.J.L. 166 (1878), in urging that failure to endorse the fact of the commencement of suit on the lien claim is, as between the materialman and the owner, merely procedural and may be entered nunc pro tunc at any time within one year. He acknowledges that our court of last resort reached a contrary conclusion in Wheeler v. Almond, 46 N.J.L. 161 (E. & A. 1884). We consider the later decision as controlling.
At the time Wheeler was decided the applicable section of the Mechanics' Lien Act read as follows:
"That no debt shall be a lien by virtue of this act, unless a claim is filed as hereinbefore provided, within one year from the furnishing the materials or performing the labor for which such debt is due, and such part of any claim filed as may be for work or materials furnished more than one year before the filing of the same, shall not be recovered against the building or land by virtue of this act, nor shall any lien be enforced by virtue of this act, unless the summons in the suit for that purpose shall be issued within one year from the date of the last work done or material furnished in such claim, and the time of issuing such summons shall be endorsed on the claim by the clerk, upon the sealing thereof; and if no such entry be made within one year from such last date, such lien shall be discharged; * * *." (Revision of the Statutes of New Jersey, 1877, "Mechanics Lien," § 13, p. 671; Nixon's Digest (4th ed. 1868), "Mechanics Lien," § 12, p. 489)
*59 In short, the act required that the claim be filed and summons issue within one year from the last furnishing of materials or labor performed, and the time of issuing and sealing the summons be endorsed on the lien claim by the clerk. Unless all of this was done within one year, the lien was to be discharged. Of course, under the old practice a suit was commenced upon the issuance of a summons, so that it was this act of commencing suit which had to be endorsed on the lien claim.
Plaintiff in Wheeler had filed his mechanics' lien claim with the county clerk and, having been served by defendant builder and owner with a written notice to commence suit to enforce his lien within 30 days, issued summons within that limited period. However, no entry of the time of issuing such summons was made on the claim until some nine months later, when the Circuit Court made an order that it might so be endorsed. Plaintiff had judgment. In reversing, Justice Dixon, speaking for a majority of the court, emphasized that a mechanics' lien exists only by virtue of statute, and consequently the province of the courts with reference thereto is mainly that of statutory construction. If facts appear which, according to the statute, create a lien or discharge it, then the lien is created or discharged  otherwise not. Turning to the statute, he found its language quite explicit:
"This language plainly provides that failure to endorse on the claim the time of issuing the summons within one year from the date of the last item in the claim, or within thirty days after notice to sue, in case such notice be duly given and affidavit thereof filed, shall discharge the lien as effectually as payment of the debt to the county clerk or to the claimant himself. Such force must therefore be given to this enactment unless good reason exists for defeating its apparent import." (46 N.J.L. at page 163.)
Almond urged two reasons for supporting the judgment he had recovered: first, that the statutory provision was designed merely to give notice to persons concerned that the lien was in process of enforcement, and therefore unless it be shown that some interest would unjustly be affected by *60 preserving the lien without such notice, the requirement must be regarded as directory only, and compliance with its terms not essential; and second, that the powers of amendment conferred by sections 14 and 20 of the Mechanics' Lien Act were sufficient to cure the defect.
The court was not impressed with either argument. Specifically referring to James v. Van Horn and Hall v. Spaulding, the cases relied upon by plaintiff in the present appeal, it refused to follow the conclusions there reached, stating
"* * * Between the end of the time limited for making the endorsement and the actual making of it, parties not engaged in or cognizant of the litigation over the lien would, according to views heretofore expressed in the Supreme Court, (James v. Van Horn, 10 Vroom 353 [39 N.J.L. 353]; Hall v. Spaulding, 11 Vroom 166 [40 N.J.L. 166]) be justified in considering the lien as abandoned and in dealing with the property on that hypothesis; and yet, if afterwards the endorsement might be made and judgment be rendered for enforcing the lien, their rights would be effectually cut out by the conclusive power of the judgment without any opportunity for defense afforded to them. This danger, that the interests of persons who cannot be heard will be prejudiced, is ground enough for refusing to hold this plain requirement of the statute to be only directory." (46 N.J.L. at page 164.)
The court concluded that to adjudge the endorsement provision of the statute as mandatory would not induce any undesirable result; "it merely exacts of the claimant such diligence in pursuing his peculiar remedy as the statute creating it prescribes, under the penalty which the statute itself denounces."
Dealing with the second reason urged by Almond, the court held that the statutory authority enabling a Supreme Court justice to order a lien claim amended, in matter of substance as well as in matter of form, whenever it appeared that such amendment could justly be made (a provision now carried over into N.J.S. 2A:44-94, deriving from L. 1898, c. 226, § 19), was not broad enough to reach the case in hand. "It extends only to the amendment of the lien claim. The defect here complained of is not in the claim. It is the want of a notice entirely distinct from the *61 claim, and which is to be endorsed thereon only that it may be the more surely seen." (at page 165)
Wheeler v. Almond has consistently been followed by our courts. Cox v. Flanagan, 2 A. 33 (Ch. 1886) (not officially reported); Currier v. Cummings, 40 N.J. Eq. 145, 149 (Ch. 1885); Arlington Realty Co. v. Gluck, 98 N.J. Eq. 62, 63-64 (Ch. 1925); Austin v. Leer, 101 N.J.L. 53, 54-55 (Sup. Ct. 1925).
Upon the adoption of the Revised Statutes of 1937, the section of the law requiring an endorsement on the lien claim became R.S. 2:60-137. This was amended by L. 1948, c. 370, § 3, which made no material change in the applicable part of the section, and was enacted because of the adoption of the new Constitution of 1947. The statute still retained the paragraph construed in Wheeler v. Almond, above, and the cases which followed it. In 1949 the section was further amended to require endorsement of commencement of the action upon the filing of the complaint. L. 1949, c. 111, § 4. This was made necessary because, under our present practice, an action is commenced by filing a complaint before issuing the summons. N.J.S. 2A:44-99, the result of the 1951 revision of Title 2 of the Revised Statutes, carried forward the language of the 1949 amendment in substantially the same form.
Thus, the law still provides that if proper endorsement of the commencement of the action is not made upon the lien claim within four months from the last date of materials furnished or labor performed, the lien shall be discharged. The Legislature must therefore be deemed to have adopted the construction placed on this section by the courts. It is familiar law that where a statute construed by the courts has been reenacted in the same or substantially the same terms, the Legislature is presumed to have been familiar with its construction, and to have adopted it as a part of the law, unless it expressly provides for a different construction.
In further support of his contention that the endorsement provision covered by N.J.S. 2A:44-99 and 101 must be *62 considered procedural, plaintiff cites Columbia Lumber & Millwork Co., Inc. v. De Stefano, above, 12 N.J. 117. Indeed, he argues that the Columbia case must be taken to have overruled Wheeler v. Almond. Extending this argument, he asserts that the endorsement requirement is governed by the rules of court, which may be relaxed to permit an act to be done after the expiration of the specified time, if the failure to act was the result of excusable neglect. R.R. 1:27A and 1:27B.
The Columbia case did not deal specifically with the endorsement of the lien claim required by statute, but rather with the further requirement that a summons be issued within five days after the filing of the complaint. In one aspect of Columbia, the so-called Nitti action, the summons was not issued in the time prescribed by the statute, and the court in a 4-3 decision reversed with a direction to enter judgment in favor of plaintiff-claimant. Justice Brennan, writing for the majority, pointed out that the provision requiring a summons to issue within five days after complaint filed had been inserted in the statute to bring it into conformance with the rules, and that being merely a procedural incident of the prosecution of the action, the provision must give way to the pertinent rules if in any degree in conflict therewith. He did not say that the statutory requirement that commencement of the action be endorsed on the lien claim was a procedural matter governed by the rules. Nor did he say that the rule of Wheeler v. Almond was overturned; in fact, the Wheeler case is not even mentioned. Justice Brennan detailed the procedural provisions in the old statute that had been eliminated (12 N.J. at page 123), but he went on to note that these matters were to be distinguished from the provisions requisite to constitute the lien, giving by way of example the filing with the proper county clerk of the notice of intention in statutory mode (R.S. 2:60-112 and 113), and, within four months after the date of the last materials furnished, the filing with such clerk of the lien claim (R.S. 2:60-129 and 130), and the commencement of the action *63 to enforce the claim (R.S. 2:60-136), which provisions were to be construed strictly, citing Friedman v. Stein, 4 N.J. 34 (1950). (These last-mentioned sections of the statute, compliance with which is requisite to constitute the lien, are now found in N.J.S. 2A:44-71 and 72, 91 and 92, and 98.)
Under the rule of the Wheeler case, the requirement that notice of commencement of action be endorsed on the lien claim, as set out in N.J.S. 2A:44-99, has always been held to be a statutory requisite in the same manner as the requirements for filing the notice of intention, filing the lien claim within four months after the last materials furnished, and the commencement of the action to enforce the claim. There is no indication from the statutory amendments or from the Columbia case that either the Legislature or the courts have changed the law which has firmly been fixed since the Wheeler decision.
The endorsement on the lien claim of the fact that an action has been commenced is necessary for the protection of all those who might rely upon the public record in the county clerk's office  not only the contractor and owner who, of course, know of the action because they are parties defendant, but all persons who might possibly claim a lien or interest in the lands involved, whether as mechanics' lien claimants, purchasers, mortgagees or judgment creditors. The danger that the interests of such persons might be prejudiced were an endorsement permitted nunc pro tunc after they had acquired their lien, is sufficient for refusing to hold the plain requirement of the statute merely directory and procedural.
We conclude that the endorsement requirement of N.J.S. 2A:44-99 and 101 is substantive and mandatory. It goes to the very life of the lien; observed, it gives the lien viability and continued life; disregarded, it cuts short its existence and potential effectiveness.
The judgment is affirmed.