219 N.J. Super. 96 (1987)
529 A.2d 1044
F. THOMAS BUONI, JR., PLAINTIFF,
v.
BROWNING FERRES INDUSTRIES AND FRANK W. EVANS, DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided March 10, 1987.
John J. Fannan (Mattson, Madden & Polito, attorneys), for plaintiff.
*97 Albert E. Cruz (Scerbo, Kobin, Litwin & Wolff, attorneys), for defendants.

CIVIL ACTION OPINION
BROCHIN, J.S.C.:
In this automobile accident case defendants Browning Ferres Industries and Frank W. Evans have moved for summary judgment on the ground that the claim of plaintiff Thomas Buoni, Jr. is barred by the dismissal with prejudice of a prior suit and the release of plaintiff's claims.
On May 2, 1985, Mr. Buoni filed a suit against Browning Ferres and Evans which alleged that on December 19, 1984 a motor vehicle owned by Browning Ferres Industries and negligently operated by its employee, Frank W. Evans, collided with Mr. Buoni's car, causing him serious injury. All of the parties resided in New Jersey and the accident took place in this State. The suit was settled and was dismissed with prejudice by a stipulation dated May 29, 1986, filed July 10, 1986. In connection with the settlement, Mr. Buoni released all claims he might have had against Browning Ferres and Evans in exchange for $8,250 compensation for bodily injury and $5,000 for property damage.
The present suit was filed December 5, 1986. The parties named as plaintiff and defendants, and the allegations of the complaint, are the same in this suit as in its predecessor. However, the suit now pending, unlike the first action, actually involves only the claim of Mr. Buoni's insurance carrier, pursuant to N.J.S.A. 39:6A-9.1, for reimbursement of PIP (Personal Injury Protection) payments it has made to Mr. Buoni as its insured.
The insurer's PIP reimbursement claim is based on N.J.S.A. 39:6A-9.1. By the terms of that statute, plaintiff's insurer, upon "paying personal injury protection benefits ... as a result of an accident occurring within this State" has the "right to *98 recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection ... coverage...."
The statutory prerequisites to the right of the plaintiff's insurer to recover personal injury protection payments have been satisfied. It has paid personal injury protection benefits to Mr. Buoni, the plaintiff. The payments were made as the result of an accident that occurred in New Jersey. And, since the vehicle owned by Browning Ferres, which collided with Mr. Buoni's car, was a commercially operated truck, the defendants were not required to maintain personal injury protection coverage because that requirement is imposed only upon the owner of an "automobile", a term specifically defined by the statute to exclude commercially operated trucks. N.J.S.A. 39:6A-2, -3, and -4; Rybeck v. Rybeck, 141 N.J. Super. 481, 503 (Law Div. 1976), appeal dismissed on other grounds, 150 N.J. Super. 151 (App.Div. 1977), cert. den., 75 N.J. 30 (1977). Cf. Lattimer v. Boucher, 189 N.J. Super. 33 (Law Div. 1983)). Plaintiff's insurer is therefore entitled to recover the PIP benefits it has paid, unless its claim is barred by the settlement and dismissal with prejudice of the prior suit or by Mr. Buoni's release of all claims.
For purposes of determining the effect of that dismissal and release upon the present claim, it is of fundamental significance that the right to recovery of PIP benefits asserted in this suit is founded upon N.J.S.A. 39:6A-9.1, a statute that was adopted in 1983 (and amended in 1985 in ways not material to this suit). The language of that statute, read in the light of the New Jersey Supreme Court's decision in Aetna Ins. Co. v. Gilchrist Brothers, Inc., 85 N.J. 550 (1981), establishes that the insurer's right to reimbursement for PIP benefit payments does not arise by subrogation. It is a right that did not belong to, and could not have been asserted by, Mr. Buoni, the nominal plaintiff in this action.
*99 Aetna was decided before the enactment of N.J.S.A. 39:6A-9.1 and after the expiration of the two-year period during which N.J.S.A. 39:6A-9 had permitted an insurer paying personal injury protection benefits to exercise subrogation rights by arbitration or intercompany agreement against the insurer of an insured tortfeasor. Hence no statutory basis for recovery of PIP payments then existed. The Supreme Court held in Aetna (a case which, like the present one, involved an automobile driver's claim against a commercially operated truck) that the New Jersey Automobile Reparation Reform Act had "eliminated the ability of the insured in an action in this State to recover damages from the tortfeasor for the amounts collectible or paid under PIP," 85 N.J. at 562 and that, despite an explicit agreement in Aetna's insurance policy purporting to subrogate the insurer to the rights of the person for whose benefit the personal injury protection payments were made, "the subrogation provision in the insurance policy is inoperative when, as here, the right of the injured person to maintain an action for PIP benefits has been extinguished by the evidential exclusion rule [of N.J.S.A. 39:6A-12]." Id. at 561-62. Consequently, in the instant case Mr. Buoni's insurer has no right to recover PIP benefits except to the extent that such a right was granted by N.J.S.A. 39:6A-9.1[1]
N.J.S.A. 39:6A-9.1 was in effect on December 19, 1984, the date of the automobile accident that is the basis of the present suit. The language of N.J.S.A. 39:6A-9.1 was apparently crafted in response to Aetna. It does not refer to "subrogation," but rather speaks in terms of the direct right of the insurer paying personal injury protection benefits to recover those payments from a tortfeasor who did not carry PIP coverage. *100 The present form of the statute thus confers a primary right of reimbursement on the injured party's insurer and does not make recovery depend upon a claim the insurer acquires by subrogation to the right of its insured.
Since the PIP claim that is at issue in this case, although asserted in Mr. Buoni's name, was not Mr. Buoni's, he could not have released it whether or not he intended to do so. The case of Melick v. Stanley, 174 N.J. Super. 271 (Law Div. 1980), aff'd 181 N.J. Super. 128 (App.Div. 1981), relied on by the defendants, is not to the contrary even though the court did hold in that case that the insurer's right to recover PIP payments from its insured's tortfeasors was a subrogation right. The court reached that conclusion on two alternative grounds. First, it held that Delaware law governed and, "Unlike New Jersey, Delaware law mandates subrogation rights for insurers which have paid PIP benefits to persons covered by insurance policies issued in accordance with Delaware's no-fault statute." Melick, 174 N.J. Super. 271, 275. Second, the court said, even if New Jersey law applied, plaintiff's insurer's claim for reimbursement was by way of subrogation under the facts of the Melick case because the plaintiff was not a resident of New Jersey and, under the rule of Cirelli v. Ohio Cas. Ins. Co., 72 N.J. 380 (1977), where the tortfeasor was a nonresident, the statutory bar against subrogation would not apply. Because the insurer's claim in Melick was a subrogation claim, it could be barred by equitable considerations. Weighing the equities, the court found that the injured party's insurer had not given any formal notice that it had paid PIP benefits and, furthermore, that it had reached a full settlement of its subrogation claim. On that basis, the court held that the insurer could not recover its PIP benefit payments. It should be emphasized that Melick was decided before the enactment of N.J.S.A. 39:6A-9.1, the statute which confers upon the insurer paying PIP benefits a direct, primary right for their recovery. Had the accident in Melick occurred after the effective date of that statute, the result would necessarily have been different unless *101 the court decided, as the opinion seems to be saying, that as part of an adjustment of claims with another insurance company the injured party's insurer had bargained away any right to PIP reimbursement it might otherwise have had. Melick v. Stanley, 174 N.J. Super. at 284.
Just as Mr. Buoni could not defeat a primary right of his insurer by releasing his tortfeasor, so too he could not defeat that right by dismissing his prior suit with prejudice. First, there is no suggestion that Mr. Buoni's insurer was involved in prosecution of the first suit to the extent that it should be treated for res judicata purposes as if it had been a formal party. Second, the PIP reimbursement claim was not and could not have been determined in that suit. It can be asserted only by the insurer, not by the insured, and, because of the last sentence of N.J.S.A. 39:6A-9.1, if Evans and Browning Ferres were covered by liability insurance, the PIP reimbursement claim can be asserted only against their liability insurer. That sentence reads, "In the case of an accident occurring in this State involving an insured tortfeasor, the determination as to whether an insurer is legally entitled to recover the amount of payments and the amount of recovery, including the costs of processing benefit claims and enforcing rights granted under this section, shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved insurers or, upon failing to agree, by arbitration." Dismissal of the first suit with prejudice did not invoke the doctrine of res judicata or the entire controversy doctrine to bar the insurer's claim for recovery of PIP benefits because that claim involves a different cause of action between different parties than those involved in the first action.
In the Aetna Ins. Co. case, the Supreme Court declared that the Appellate Division had "erred when it held that the single controversy doctrine is applicable to" bar an insurer's recovery of PIP benefits after termination of the personal injury suit. 85 N.J. at 556. Since that decision, however, the single controversy doctrine was significantly expanded by Crispin v. Volswagenwerk, *102 96 N.J. 336 (1984). In that case the Court, expressly noting that it was going beyond Aetna to adopt the extension of the doctrine which it had there refrained from adopting, declared, "the complex webs of causation that arise in cases of this nature suggest that joinder of known responsible parties in a single action be the norm. Certainly where, as here, a litigant knows of a potentially responsible party, and has already sued that party in another action, the principles that underlay the entire controversy doctrine should come into play. A party should not be permitted to maintain such independent action when a directly related suit is pending." Id. at 343. Nonetheless, at most Crispin bars suit against a defendant that should have been joined in a prior action. There is no basis for inferring from that case that the entire controversy doctrine bars a suit by a plaintiff with an independent cause of action which, for the sake of argument, we may assume might conceivably have joined in the prior suit as a plaintiff.
Defendants' motion for summary judgment must therefore be denied. Furthermore, two other implications follow from this analysis. Since the claim asserted in this suit is solely that of Mr. Buoni's insurer and not a subrogation claim in his right, his insurance company should be substituted as plaintiff and the pleadings, including the caption of the suit, amended accordingly. Cf. Smelkinson v. Ethel & Mac Corp., 178 N.J. Super. 465 (App.Div. 1981). Second, the papers submitted in support of and in opposition to defendants' motion for summary judgment do not show whether the defendants were "insured tortfeasor[s]", but it seems likely that they were. If so, although the defendants' motion for summary judgment should be denied, the suit should be dismissed without prejudice to permit the determination called for by the statute to be made either by agreement or by arbitration against the defendants' liability insurer. See Ideal Mut. Ins. Co. v. Royal Globe Ins. Co., 211 N.J. Super. 336 (App.Div. 1986).
NOTES
[1] In Newson v. The Hertz Corp., 164 N.J. Super. 141 (App.Div. 1978), the court held that the right to recover PIP payments by subrogation was available to the injured party's insurer when the tortfeasor was a commercially operated truck. However, this holding was specifically disapproved in Aetna In. Co. v. Gilchrist Brothers, Inc., 85 N.J. 550, 565 (1981).