599 A.2d 1254

LAVERNE ESDAILE, PLAINTIFF–APPELLANT, v. WILLIAM G. ANGLE, WINZEL HARTSFIELD, ALLSTATE INSURANCE COMPANY, BILL REED, INDIVIDUALLY AND TRADING AS THE TURF LOUNGE, THE TURF LOUNGE, AND THE ESTATE OF WILLIAM REED, TWELVE HUNDRED LAKE AVENUE CORPORATION, TRADING AS THE TURF MELODY LOUNGE, AND STEVEN DOES, FICTITIOUS NAMES WHOSE TRUE NAMES ARE PRESENTLY UNKNOWN, DEFENDANTS, AND HAZEL FRANK GLUCK, ON BEHALF OF THE UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANT–RE-SPONDENT.

Argued November 19, 1991—Decided January 7, 1992.

*Stanley S. Spector* argued the cause for plaintiff-appellant (*Shechet & Spector*, attorneys).

*Richard J. Mirra* argued the cause for respondent (*Boglioli & O'Mara*, attorneys).

PER CURIAM.

We reverse the judgment of the Appellate Division substantially for the reasons set forth in Judge D'Annunzio's dissent. See *Esdaile v. Hartsfield*, 245 *N.J.Super.* 591, 600–02, 586 *A.*2d 334 (1991). In doing so we imply no position on whether a recipient of payments in the nature of personal injury protection (PIP) benefits from the Unsatisfied Claim and Judgment Fund (Fund) may maintain a cause of action for those same special damages against a third-party tortfeasor. Nor do we resolve the issue of whether the Fund may seek reimbursement from a third-party tortfeasor for payments in the nature of PIP benefits paid to an uninsured pedestrian.

The trial court and both the majority and dissent in the Appellate Division appear to have assumed the validity of a claim by a PIP-benefits recipient against a third-party tortfeasor—here, the tavern at which defendant Hartsfield became intoxicated immediately before driving his automobile into plaintiff, an uninsured pedestrian. What divided the court below was whether plaintiff's recovery from the tavern did

include the sums represented by PIP benefits, not whether it could include those sums. The majority "assumed," in the absence of any limiting terms in the general release that she had given the tavern, that plaintiff had released not only her claims for personal injury but her claims for medical expenses and other PIP-type damages as well. 245 *N.J.Super.* at 597, 586 *A.*2d 334. Judge D'Annunzio's dissent questioned not whether plaintiff *could* include PIP-type damages in her claim against the tavern (he too took that as a given in this case), but whether in fact she had done so. *Id.* at 601, 586 *A.*2d 334 ("The sole issue in this case is whether plaintiff received a double recovery of the personal injury damage elements [that] make up PIP benefits."). Because the Law Division had ordered plaintiff to reimburse the Fund for so much of the tavern's payment to plaintiff as represented PIP-type damages without having first made any finding on the question of whether plaintiff had in fact received a double recovery of those damages, the dissenter below would have remanded for a plenary hearing and fact-finding. *Ibid.*

We agree with the dissenter's view. The record is entirely silent on the double-recovery issue. If on remand the trial court determines that the tortfeasor-tavern's payment to plaintiff included PIP-type benefits, then plaintiff must return to the Fund the amount of those payments to prevent double recovery, for as we recently declared, "if there is one definite principle that emerges from our PIP law, policy, and precedent, it is that there shall be no double recovery of PIP benefits." *Wilson v. Unsatisfied Claim and Judgment Fund Bd.,* 109 *N.J.* 271, 281, 536 *A.*2d 752 (1988); *accord Aetna Ins. Co. v. Gilchrist,* 85 *N.J.* 550, 561, 428 *A.*2d 1254 (1980). Obviously, on remand the trial court will consider such indicia of intent as whether plaintiff had submitted a proof of loss of PIP-type damages or whether the insurance carrier for the tavern had established any reserve for a direct claim for such damages. *See Buoni v. Browning Ferres Indus.,* 219 *N.J.Super.* 96, 99–100, 529 *A.*2d 1044 (Law Div.1987) (allowing PIP carrier to

make a direct claim against certain tortfeasors for reimbursement of PIP expenses).

We repeat our earlier note of caution: the basis for any right of recovery in the Fund is not at issue on this appeal. That question is of sufficient complexity to warrant our leaving its definitive determination for a case in which it is squarely raised, briefed, and argued. Those interested in the subject and in the relevant cases may profitably consult Cynthia M. Craig & Daniel J. Pomeroy, *New Jersey Auto Insurance Law* §§ 4:3–3, 14–2, 30:3–4C, and 31:3–5. We also repeat the suggestion in *Wilson, supra,* 109 *N.J.* at 286, 536 *A.*2d 752, that the Fund take steps to protect its interests through requirement of an agreement to repay. Such an agreement would clarify a claimant's obligation to protect the rights of the Fund in any settlement with third parties.

On the counsel-fee issue we agree as well with Judge D'Annunzio's treatment below. See 245 *N.J.Super.* at 601–02, 586 *A.*2d 334.

Judgment reversed. The cause is remanded to the Law Division for further proceedings consistent with this opinion.

*For reversal and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI, and STEIN.—7