729 A.2d 65

CARL H. AUGUSTE AND PIERRE ALEX AUGUSTE, PLAINTIFFS, v. ROBERT SEARS, DOROTHY SEARS, MATHEW LINDSEY, RAYMOND LINDSEY, THE UNSATISFIED CLAIM AND JUDG-MENT FUND BOARD, AN AGENCY OF THE STATE OF NEW JERSEY, AND THE COMMISSIONER OF INSURANCE OF THE STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Law Division (Civil)
Essex County

Decided February 9, 1999.

*Michael Dreskin,* for plaintiffs (*Dreskin and Dreskin, P.C.,* attorneys).

*Kevin Mulligan,* for defendants UCJF Board and Commissioner of Insurance (*Law Offices of Stephen Gertler,* attorneys).

WINARD, J.S.C.

A Notice of Motion to Confirm arbitration Award and to Enter Judgment has been filed by plaintiffs in the instant matter. A cross motion filed by defendant for leave to file a notice for trial de novo out of time has been denied. The issue remaining for disposition arises out of the appropriate amount to be awarded to the plaintiffs with regard to their lost wages. The court has reviewed the moving and opposing papers and has heard oral argument.

Plaintiffs were passengers in an uninsured vehicle involved in a collision with another who did not have auto insurance. Both plaintiffs did not own an auto, own auto insurance, or live with a family member who owned a vehicle or owned auto insurance. On March 20, 1998, the court entered summary judgment in favor of the Unsatisfied Claim and Judgment Fund (UCJF) dismissing all claims as to non-economic damages for a failure to satisfy the verbal threshold. The order of the court expressly provided that "economic damages survive." On October 28, 1998, the matter was submitted to arbitration and an award was entered in favor of the plaintiffs against the UCJF, in the amount of $300 and $1,300 for medicals, respectively in favor of plaintiffs, Carl Auguste and Pierre Auguste. In addition, an award was made in favor of plaintiffs against the UCJF for lost wages in the amount of $1,500 and $6,000 respectively. Plaintiffs have eligibility for the receipt of "income continuation benefits" from the UCJF in the maximum $100 per week amount provided by law.

Both the awards for medical and economic benefits are subject to prescribed deductions in favor of the UCJF. The precise issue presented in the matter is the manner of the computation of the appropriate amount of the economic "lost wages" award. More

specifically, whether or not the economic award is impermissibly duplicative of the "income continuation" benefits paid by the Fund or, in the alternative, whether the economic award of the arbitrator is subject to a reduction *pro tanto* for the "income continuation benefits" paid.

The governing statute authorizes the UCJF to pay claims to uninsured plaintiffs against those who are similarly uninsured and thereby judgment proof. Recovery for bodily injury not covered by PIP is limited to $15,000 per person. *N.J.S.A.* 39:6–69. The Fund is also authorized in a manner comparable to the No Fault law to pay personal injury protection benefits to uninsured accident victims. *N.J.S.A.* 39:6–86.1, to –91. Only reasonable proof of loss is needed to be compensated. *N.J.S.A.* 39:6–86.5. Income continuation benefits are paid to compensate the uninsured victim for the loss of income suffered as a result of an injury related to the auto accident. A plaintiff is entitled to a benefit of $100 per week in "income continuation benefits." *N.J.S.A.* 39:6–86.1d.

There can be no doubt of the existence of a prohibition against the double recovery of benefits. *Esdaile v. Angle,* 126 *N.J.* 426, 428, 599 *A.*2d 1254 (1992). The UCJF is to be used only as a last resort and provided only to those in the most need. However, the Fund is authorized to provide economic benefits to eligible claimants as a result of losses sustained in an auto accident with an uninsured judgment proof tort feasor. The reconciliation of these policies should be made consistent with the underlying legislative intent.

Case law interpreting the anti-stacking provision of the "No Fault" statute is analogous. *N.J.S.A.* 39:6a–4.2 precludes the recovery of PIP benefits under more than one policy for injuries sustained in any one accident. In *Parisi v. Aetna Cas. and Sur. Co.,* 296 *N.J.Super.* 179, 686 *A.*2d 386 (App.Div.1997), an injured pedestrian was precluded from recovery of PIP benefits under a New Jersey policy covering the vehicle that had struck her, on the basis she had entitlement to coverage under an out-of-state no fault policy of insurance. The court concluded the legislative

policy against the stacking of benefits and double recovery was inapplicable. The court adopted the reasoning in *Martin v. Prudential Insurance Co.*, 255 *N.J.Super.* 524, 526–528, 605 *A.*2d 762 (App.Div.1992), that the Legislature did not intend to preclude a seriously injured victim of an auto accident from recovering eligible PIP benefits simply because of an inconsequential recovery from an otherwise primary insurer. The injured party would not receive redundant benefits but rather, a benefit in excess of the benefit received from another source.

Unreimbursed income losses to the extent uncompensated by PIP "income continuation benefits" under the "No Fault" statute have been held to be eligible for recovery. *Bennett v. Hand,* 284 *N.J.Super.* 43, 663 *A.*2d 130 (App.Div.1995). The court found a legislative purpose under the provisions of that statute to protect the right of an injured person to sue for the lost income to the extent not fully compensated by income continuation benefits even in an instance where the verbal threshold standard has not been satisfied.

There is no reason to assume an intent to subject the UCJF to a lesser degree of responsibility with regard to payment of economic benefits. An otherwise eligible claimant should not be deprived of a full recovery of his economic losses from the UCJF because of the collectible statutorily limited amount of "income continuation" benefit authorized under the PIP provision of the statute. A statute should be read sensibly in accord with the underlying legislative intent and not in a manner to reach a conclusion inconsistent therewith. The court cannot ascribe a purpose to deprive an eligible claimant of his or her full economic recovery under the provisions of the statute as against the insurer liable to pay such benefits on behalf of uninsured tort feasors. Reconciliation of the issue can best be achieved by confirming the full economic recovery to both of plaintiffs for their loss of wages and income attributable to the auto accident, less state mandated disability benefits and the income continuation benefits receivable under the PIP provisions of the Act. Such a result harmonizes the

bar against a double or excessive recovery with the need to provide the victimized with their full economic entitlement within the statutory limits of the Fund.

Motion to confirm the arbitrators award is granted.